HENRY BOYNTON ET AL. v. D. T. CHAMBERLAIN ET AL.

1. In a suit by publication against non-resident defendants, the omission to give the Christian name of one of the defendants *held* to be error.
2. In a suit upon an account, a petition failing to contain a bill of particulars, does not set out the plaintiff's cause of action in a clear and intelligible manner, and is defective.
3. It seems that in the statement of facts required, where judgment is rendered upon citation by publication, it should appear that depositions used in evidence were regularly taken.

ERROR from Bell. Tried below before the Hon. J. P. Osterhout.

This is a suit upon an account, brought by H. J. & D. T. Chamberlain against Henry Boynton and —— Cushing.

The petition contained no bill of items, but referred to "an account herewith filed as a part of this petition,

marked 'Exhibit A,' with leave to refer thereto whenever and as often as necessary."

The petition was filed thirteenth of January, 1870. Writs of attachment and garnishment, and citation for publication, were issued thirteenth of January, 1870, describing the defendants as in the petition.

The citation was served by publication prior to fifteenth of February, 1870.

Exhibit A, the bill of items, was filed June 14, 1870.

The trial was *ex parte*, and judgment for plaintiffs.

In the statement of facts it appears that the depositions of certain witnesses were taken after notice published for four successive weeks.

The evidence of such publication is the affidavit of J. H. Davenport, publisher of the Belton *Journal*, sworn to before a justice of the peace.

The defendants, by writ of error, seek a revision of this case.

*Gray & Botts* and *E. M. Pease*, for plaintiffs in error.

No brief for defendants in error.

WALKER, J.—There are some eleven assignments for error in this case, some of which, we think, are well taken.

The Christian name of the defendant Cushing is not set out in the pleadings or process. This is not in accordance with the statute. (Art. 1427, Pas. Dig.)

There is no bill of particulars filed with the petition, nor does any bill appear with the pleadings until after the return day of process.

The petition does refer to an account marked "Exhibit A." This "Exhibit A" was not filed with the petition. In a word, it may be said, the petition does not set out the plaintiffs' cause of action in a plain and intelligible manner.

Certain depositions were taken *ex parte*. The record does not contain the certificate of the clerk—the proper certificate to the publication of the notice required by law.

If these depositions had been correctly taken, they do not prove the plaintiffs' cause of action; nor does it appear, from the statement of facts, that there was any other testimony offered.

We will not follow the learned counsel in their brief to examine all the assignments of error, but, for the reasons assigned, reverse and remand the case.

REVERSED AND REMANDED.