F. P. WOOD ET AL. v. J. C. EVANS, ADMINISTRATOR.

1. PLEADING CERTAINTY.—A petition by the holder of a promissory note alleging the failure to pay the note, except the amount credited thereon, which amount is not stated, is insufficient.

2. SAME.—The cause of action and the breach should be distinctly averred; the facts sufficient to warrant a judgment should be directly and distinctly set forth.

3. SURVIVING ADMINISTRATOR.—A surviving administrator can maintain suit upon a promissory note executed to him and another administrator jointly, and who has died, upon alleging the execution of the note to them jointly as administrators and the decease of the administrator not joined as plaintiff.

ERROR from Washington. Tried below before the Hon. I. B. McFarland.

J. C. Evans sued F. P. Wood and others, alleging "that plaintiff and C. V. Evans were duly appointed and qualified as administrators of the estate of J. F. Evans, deceased, by virtue of an order of the probate court of Washington county, and that letters of administration issued from said court to plaintiff and the said C. V. Evans, bearing date the —— day of ———, A. D. 1869; that since said appointment and issuance of letters of administration the said C. V. Evans departed this life, leaving plaintiff the sole administrator of said estate, and suing as such; that plaintiff is the holder of a certain promissory note, the property of said estate, made and delivered by defendants to petitioner and the said C. V. Evans on the 23d December, 1869, for the sum of $2,675, gold," (a substantial copy of which note was inserted in the petition,) "whereby the defendant, Wood, as principal, and * * * as sureties, undertook and promised plaintiff to pay to him on the 1st day of January, 1871, (the date of maturity,) the said sum of twenty-six hundred and seventy-five dollars, gold, with twelve per cent. interest per annum in gold from date of said note.

"Plaintiff avers that said note has long been due, and payment thereof demanded of defendants by plaintiff, notwithstanding which they have failed to pay the same except the amounts credited on said note, and that there is a large balance still due on the said note, to recover which he brings this suit, and asks process for said defendants, and on service, judgment for the amount remaining due and unpaid on said note, together with costs and general relief."

The defendants demurred generally, pleaded the general denial and payment. The demurrer was overruled.

On the trial the note as set out in the petition and certain credits indorsed thereon were read.

A jury was waived, and the court rendered judgment for $286.90, gold, and costs, which judgment Wood and others by writ of error brought to this court for revision.

The errors assigned are, (1) the court erred in overruling the demurrer; (2) error in rendering judgment for plaintiff on the pleadings and evidence; (3) the judgment is excessive; and (4) the judgment should have been for defendants.

*Sayles & Bassett,* for plaintiff in error.

I. The statute requires that the petition should contain "a full and clear statement of the cause of action." (Paschal's Dig., 1427.) In Goodlett *v.* Stamps, 29 Tex., 121, it is held "that a petition is fatally defective on error which does not contain the data upon which a judgment can be rendered responsive to it. The date of the note, when due, amount of principal and rate of interest, are all omitted, and not supplied by any allegation, direct or inferential; and there is no statement of the cause of action from which any amount of indebtedness can be computed in any of the modes prescribed by law for ascertaining the amount for which the judgment should be rendered." In the case at bar, there is no statement of the amounts paid and credited on the note, and no data from which any amount of indebtedness can be computed. Can this court tell what is "the balance still due on the note," or for what amount judgment is asked?

The breach of the contract is an essential part of the cause of action, and if it is not averred, a general demurrer will lie. (Holman *v.* Criswell, 13 Tex., 38.) In an action upon a promissory note it is necessary to aver that the note is unpaid. (Whitaker *v.* Record, 25 Tex. Supp., 382; Brackett *v.* Devine, 25 Tex. Sup., 194.)

II. The second assignment of errors questions the correctness of the judgment upon the facts in evidence.

This suit is brought by J. C. Evans, upon a promissory

12

note payable to J. C. and C. V. Evans, administrators of the estate of J. P. Evans, deceased. The petition alleges that J. C. and C. V. Evans were duly appointed administrators of the estate of J. P. Evans, deceased; that the note sued on is the property of said estate, and that C. V. Evans is dead. One person cannot sue upon a note payable to two. "Joint creditors, whether by record, specialty, or simple contract, must all join in an action to recover the debt or the estate which they respectively hold together." (Stachely v. Pierce, 28 Tex., 328; 1 Chit. Pl. 208; Holliman v. Rogers, 6 Tex., 97.)

The words, "administrators, &c.," used in the note, are *prima facie* words of description, and an action could have been maintained on the note by the payees in their personal right. (Gayle v. Ennis, 1 Tex., 184; Groce v. Herndon, 2 Tex., 410; Turner v. Brooks, 6 Tex., 205; Claiborne v. Yoeman, 15 Tex., 44; Hall v. Pearman, 20 Tex., 168; Nelson v. Bagby, 25 Tex. Supp., 305; Wimbish v. Holt, 26 Tex., 673; Rider v. Duval, 28 Tex., 622.)

To enable the plaintiff to maintain this suit it was necessary, then, to allege that the note was "assets" of the estate of J. P. Evans, and that his co-administrator was dead; and these allegations were accordingly made, but they were not proven. The only evidence submitted to the court was the note sued on. There was no proof outside of the note that it was assets of J. P. Evans, deceased; nor was there any proof that C. V. Evans was dead. The production of the note established the fact that it was the individual property of J. C. and C. V. Evans, (Gayle v. Ennis, 1 Tex., 184, and the other authorities above cited;) but upon that note, giving to it its *prima facie* legal import, J. C. Evans could not sue alone. (Stachely v. Pierce, 28 Tex., 328.)

It being necessary to allege the facts which authorized the plaintiff to sue alone on a note payable to two jointly, was it not necessary to prove those facts? No principle of

pleading is better settled than that the *allegata* and *probata* must correspond, and that there must be competent *proof* of every *material fact alleged* in the petition. (Mims *v.* Mitchell, 1 Tex., 443.)

The petition and proof must not only show the liability of the defendant, but must show his liability to the plaintiff. Did the mere production of a note payable to two persons therein described as administrators show the liability of the defendant to *one* only of the payees?

To state the proposition in another form: The petition sets out a cause of action accruing to the plaintiff in his fiduciary capacity. In support of those allegations he offers a written contract, the legal import of which is a *personal* contract with himself and another; he offers no evidence to change the *prima facie* legal import of the written contract. Does the proof support the allegation? It thus appears from the plaintiff's own showing that he has no right of action—an objection which can be taken advantage of either by motion in arrest of judgment or on error. (1 Chit. Pl., 208; Gould's Pl., 275.)

This cause having been submitted to the court below upon the law and the facts, the court here will render such judgment as should have been rendered below. (Kinsey *v.* Stewart, 14 Tex., 457; San Antonio *v.* Lewis, 15 Tex., 388; McIntosh *v.* Greenwood, 15 Tex., 116; Patrick *v.* Gibbs, 17 Tex., 275.)

*Giddings & Morris* and *Shepherd, Searcy & Shepherd,* for defendant in error.

I. The assignment of error is insufficient. If no cause of action is shown in the petition a general demurrer will lie. If a cause is *defectively* stated, it can only be reached by a special exception. Certainly a cause of action is shown in the petition; and if so, then the special defect or error should be stated in the demurrer. (Prewitt *v.* Farris, 5 Tex., 370; Wells *v.* Fairbanks, 5 Tex., 582; Warner *v.*

Bailey, 7 Tex., 517; Boynton *v*. Tidwell, 19 Tex., 121; George *v*. Lemon, 19 Tex., 151; May *v*. Taylor, 22 Tex., 348; Moreland *v*. Atchison, 34 Tex., 355.)

An assignment that the court erred in "overruling motion for a new trial" is not good. (Wright *v*. Hays, 34 Tex., 253.)

That the court erred in "refusing the thirteenth charge" is too indefinite for the court to notice. (Howard *v*. Colquhoun, 28 Tex., 134.)

The assignment must distinctly specify the ground on which the appellant relies. That the court erred in refusing charges asked by the plaintiff is too vague, and does not comply with the statute. (Paschal's Dig., art. 1591; Trammell *v*. McDade, 29 Tex., 362; Ellis *v*. McKinley, 33 Tex., 677.)

The assignment must be such as to enable the court to lay its finger on the very error.

This court will not entertain a "fishing assignment," and undertake the work the attorney should do in discovering the error.

Upon the whole, we do think there is no such assignment as the court, under the statutes and former rulings, can notice.

II. Admitting the sufficiency of the assignment, we can perceive no error in the case.

Surely there can be no objection taken to the parties.

It is alleged that the plaintiff is the administrator of the estate of J. P. Evans, and that the note is the property of the estate.

The demurrer admits the facts, (if it were necessary to prove them;) and if he is the administrator and the note is the property of the estate, surely he has the right to sue. Besides, the note is payable to the administrators of the estate of J. P. Evans, which enables him to sue as administrator. (Paschal's Dig., art. 7634; Killough *v*. Alford,

32 Tex., 457; Bingham v. Waterhouse, 32 Tex., 470; Moss v. Witcher, 35 Tex., 389.)

Again, the note being payable to plaintiff, the legal title is in him, and he has the right to sue in his own name, and the allegations of administrator, &c., may be held as surplusage.

In Trammell v. Swan, 25 Tex., 473, the court say: " Legrand sued on a promissory note, using in his petition the terms 'your petitioner, a citizen, &c., administrator of the estate,' &c. The petition averred also that the note was the property of the plaintiff's intestate, which was not put in issue by the pleadings. The defendants insisted that under the pleadings the suit was not brought in his official capacity: *Held*, that under the pleadings the plaintiff was not required to prove the owership of the note as alleged, and that under the aspect of the case it was not material whether the suit was brought in the plaintiff's own right or his representative capacity." Precisely the same as the case at bar. (Trammell v. Swan, 25 Tex., 473.)

III. A question was made in the court below that the allegation that "a large balance was due on the note" was too indefinite to sustain the judgment; that it should have been alleged what amount was due. To this we need only reply that "that is certain which can be made certain by a simple calculation." The amount, date, time when due, rate of interest, with the amount and date of credits on the note, were all given, (see statement of facts,) and all that was necessary was for the court or clerk to make the calculation. (Burton v. Lawrence, 4 Tex., 373; Holland v. Cook, 10 Tex., 244.)

MOORE, ASSOCIATE JUSTICE.—The demurrer to the petition should have been sustained. It is alleged in the petition that the defendants had failed to pay the note described therein, except the amount credited on the note, and that

there was still a large amount due thereon. But neither
the amount of credits on the note nor the balance claimed
to be due and unpaid is averred. The mere statement of
some indefinite and uncertain amount being due the plain-
tiff, for which he asks judgment, is not such a full and
clear statement of his cause of action and prayer for relief
which the facts authorize him to ask of the court as will
warrant a judgment on his behalf. The cause of action
and its breach should be distinctly averred and set forth.
The facts sufficient to warrant a judgment should be di-
rectly and clearly alleged. It is not sufficient that they
may, by argument and inference, be decided as conclusions
from the facts which are averred.

It sufficiently appears from the petition that the suit
was brought by defendant in error in his representative
capacity as surviving administrator, and that the note upon
which there was an unpaid balance claimed to be due was
assets belonging to the estate of his intestate.

But for the reason previously stated the judgment must
be reversed and the cause remanded.

REVERSED AND REMANDED.