This was an action of trespass to try title brought by the appellee as guardian of the estate of Willie B. Davis, a minor, to recover the possession of two tracts of land. Both parties claimed under W.B. Davis, who was the grandfather of said Willie. The plaintiffs Morse claimed by descent. The defendants claimed under a bond for title made by W.B. Davis to M.T. and J.O. Logan in the year 1872, by which he bound himself to make to them a title to the land in controversy upon condition of their conveying to him a certain tract of land in Lamar County.
The record shows that the Logans took possession of the land under said contract and held it until they conveyed it to defendants, and that defendants have held possession of it since its conveyance to them. It further shows that Logan was able to make title to Davis for the Lamar land, according to the contract, but that he never did so, nor demanded or received a deed for the land in controversy.
At one time Davis offered to rescind the contract, but Logan refused. The defendants pleaded the statute of limitations of ten years, and the evidence was sufficient in other respects to sustain the plea if the statute ran in favor of Logan upon his possession held under said contract. The court found as a conclusion of law that it did not, and rendered judgment for the plaintiff.
In Wood on Limitation of Actions it is said that "a possession and claim of land under an executory contract of purchase is not such an adverse possession as, if continued for the requisite period, will bar an entry within the statute of limitations; and especially it is in no sense adverse as to the one with whom the contract is made. An entry can *Page 676 
not become adverse where it is made upon a condition to be performed by the person entering, until it is performed." Sec. 260.
With regard to a plea of the statute of limitations under like circumstances, this court said in the case of Keys v. Mason, 44 Tex. 144, that "as he and his vendors had gotten possession on faith of this contract they could not claim to hold adversely to plaintiff without surrendering the possession thus acquired, or certainly without giving him notice of a repudiation of the contract and possession under it."
In the case of Lander v. Rounsaville, 12 Tex. 197, it, was said, "As long as the purchase money remains unpaid the vendor has the superior title to the land, which he might enforce by an action of trespass to try title; or, the vendee being in default, he might treat the contract as abandoned and sell the land to another. The vendee's possession can not avail him for protection under the statute of limitations, for until Payment under tin executory contract for the sale of lands the statute will not run in his favor. He can not ultimately resist the demand of plaintiff unless he have countervailing and controlling equities."
There is nothing in the case made by the appellants to relieve them from the operation of the above rules with regard to the statute of limitations. The plaintiff held the legal title and sued upon it. The doctrine of stale demand was properly held to have no application to such a cause of action.
We do not find any error in the judgment for costs. The defendants should not be taxed with costs caused by defendants who were discontinued as to. No objection appears to have been made to the judgment in this respect in the District Court. If one existed it should have been made there. If the costs are improperly taxed against the defendants a remedy by motion may be still sought there.
The judgment is affirmed.
Affirmed.
Delivered May 5, 1891.