HOWELL COTTON CO v. CITIZENS' NAT. BANK OF WACO.

(Circuit Court of Appeals, Fifth Circuit. June 11, 1897.)

No. 581.

PLEADING—PETITION ON ACCOUNT—FAILURE TO ITEMIZE.

In a suit for the recovery of a balance due on a large running account consisting of many items, a paragraph of the petition which gives the aggregate of the charges and credits constituting the account, but contains no itemized statement, is insufficient, and a special exception to it should be sustained.

In Error to the Circuit Court of the United States for the Northern District of Texas.

W. W. Evans and W. W. Brookes, for plaintiff in error.

A. C. Prendergast, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. This is a suit by the Citizens' National Bank of Waco, Tex., against H. C. Howell and A. S. Johnson and the Howell Cotton Company, the latter a Georgia corporation, for $11,541.30, besides interest. Suit was originally brought

in the state court of Texas, and removed to the United States circuit court for the Northern district of Texas. The bank declined to prosecute against Howell and Johnson, but proceeded against the cotton company, and recovered a verdict and judgment for $11,541.30 principal, with interest. It appears that the subject-matter of the suit was money furnished by the bank to buy cotton from November 7 to December 15, 1893. About December 16, 1893, a question having arisen as to the authority of Howell and Johnson, doing business under the firm name of A. S. Johnson & Co., to bind the Howell Cotton Company for advances thus made, an agreement was entered into which will be sufficient to an understanding of the case so far as a decision is now made:

"The State of Texas, County of McLennan. Know all men by these presents that this contract, made and entered into by and between Citizens' National Bank, of Waco, Texas, party of the first part, and Howell Cotton Company, party of the second part, both parties being corporations, witnesseth:

"First. Whereas, the firm of A. S. Johnson & Company, in the name of Howell Cotton Company, has been engaged in the cotton business at Waco, Texas, during the season of 1893, keeping an account with the party of the first part, in the name of the Howell Cotton Company, a large amount of money, to wit, about $29,558.12 principal and $229.00 interest thereon, besides interest hereafter to accrue thereon, is due said party of the first part on said account; and whereas, a controversy has arisen between the parties hereto, as to whether the Howell Cotton Company is liable to the party of the first part for said amount above named, the said Howell Cotton Company disclaiming any liability to said Citizens' National Bank, and said Citizens' National Bank claiming that the Howell Cotton Company is liable for said indebtedness: Now, therefore, without either party hereto in any way waiving any rights they may have by reason of the status of parties and the claims set up by each of them respectively, said party of the second part does hereby agree and obligate itself to guaranty and pay to said bank the sum of $3,000.00 on said account at Waco, Texas, on or before ninety days from this date, in case said account is not liquidated and satisfied before this from other sources. and such balance remaining unsatisfied amounts to the sum of $3,000.00; and, if such balance does not amount to said sum of $3,000.00, then the party of the second part is to pay such balance.

"Second. The party of the second part agrees to take immediate charge of all the cotton business at Waco, Texas, which has been heretofore handled in the name of A. S. Johnson & Co., and by them in the name of Howell Cotton Company, and to use its best efforts in handling said cotton business so as to realize the greatest amount of money therefrom, including collecting all amounts due from railroads at Waco, that can be done with careful and energetic handling of said business for a period of time ending on the first day of April, 1894; and all the amounts and profits realized out of said cotton business so handled and carried on by the party of the second part shall be paid to said party of the first part on the account above named; and if the money so paid shall satisfy said account in full, then, and in that event, the party of the second part shall not be liable to the party of the first part in any sum whatever, but. in case the money so paid shall fail to satisfy said account in full, then, and in that event, the party of the second part shall be liable and shall pay to the party of the first part such balances, according to the terms, stipulations, and conditions named in the preceding paragraph .of this contract.

"Third. The party of the second part does not agree to take charge of the 170 bales of cotton which has not yet been loaded on the cars at Waco, although bills of lading therefor have been issued in the name of A. S. Johnson & Co., which cotton is now on the platform of the Brazos Compress Company in Waco, and which said bills of lading have been executed by the W. N. W. Ry. Co. As to these 170 bales, said party of the second part agrees to use its best efforts to induce H. C. Howell to turn over to said bank the proceeds thereof by bills of lading, with drafts thereto attached, if he can procure them; or, in

case he cannot do this, to sequestrate the same for the benefit of said bank, or to take whatever other proceedings may be deemed advisable to protect it in the matter; and whatever is or can be realized by careful management out of the same shall be for the benefit of said bank.

"Fourth. It is further agreed and understood by and between the parties hereto that this agreement does not exclude or estop the party of the first part from any legal right it may have to hold said party of the second part liable, and of suing said party of the second part, for any and all of said sums of $29,558.12 and interest accrued and to accrue thereon that is not realized by said bank under this agreement after ninety days from this date; and the party of the second part does not by this contract in any way admit or confess its liability for said amount, or any part thereof, save and except said $3,-000.00 above named, or so much thereof as it may become liable to the party of the first part for under the first paragraph of this contract. And the party of the second part does not by this contract admit that A. S. Johnson & Co. were the agents of said party, or had any authority to represent it in said cotton business; it being understood and agreed by and between the parties hereto that the rights of the respective parties shall remain in the same status as they were prior to the signing of this contract, save and except so far as those rights are expressly modified or changed by the execution hereof.

"Fifth. In consideration of the premises, the party of the first part agrees not to attach any of the cotton belonging to the business of said A. S. Johnson & Co., and not to sue and attach said cotton as the cotton of said Howell Cotton Company, and agrees that said party of the second part shall take charge of said business above named.

"Sixth. It is further agreed and understood by and between the parties hereto that the account hereafter kept with the party of the second part in the management of said cotton business shall be in the name of the Howell Cotton Company, and that said company will place a duly-authorized agent in Waco for this purpose.

"It is further agreed and understood by and between the parties hereto that this agreement takes the place of any other agreement that may have been entered into on this date.

"Witness our hands in duplicate this 16th day of December, 1893.
"[Signed]          The Citizens' National Bank, pr. J. S. McLendon, Pres.
"[Signed]          Howell Cotton Company, by J. N. King, Mngr."

The point on which the case turns is one of pleading, which renders it unnecessary to enter into the real merits of the case. The sixth paragraph of plaintiff's petition was as follows:

"That in accordance with said contract, agreement, and understanding said defendant Howell Cotton Company, between the dates on November 7, 1893, and March 24, 1894, did purchase at Waco and surrounding towns a large number of bales of cotton, to wit, six thousand, and drew checks and drafts on the plaintiff to pay for the same, which were during said time presented to plaintiff, and paid by it; that the amount so paid by plaintiff at said defendant's instance and request aggregated a large sum, to wit, two hundred and ten thousand ($210,000) dollars; that during said time, and since then up to the filing of this suit, said defendant had from time to time repaid to plaintiff various sums and amounts, so that at the time of the institution of this suit said defendant was due to plaintiff, a balance of $14,541.30 principal, besides interest, and since the institution of this suit said defendant has paid plaintiff $3,000 in the aggregate; that it was also a part of said contract, agreement, and understanding that defendant would pay plaintiff interest on the amounts daily due plaintiff at the rate of ten per cent. per annum; that defendants are in possession of all said checks and drafts so paid by plaintiff for defendant, they having been delivered to said defendant by it from time to time, when defendant had its pass book balanced; and the defendants are hereby notified to produce all of said checks and drafts, and also its said pass book, on the trial thereof."

This paragraph was especially excepted to by defendants as follows:

"Defendants specially except to paragraph six of plaintiff's first amended original petition, because plaintiff undertakes to declare on aggregated amounts, and

81 F.—49

to sue on balances, without giving any itemized statements of any amounts, or showing by any itemized statement the balance claimed to be due plaintiff by defendant, and said first amended original petition shows that said sums of money sued for are composed of a great number of smaller items, and said smaller items are not set out in plaintiff's said petition, and there is no itemized statement thereof attached to said petition, or anywhere shown thereon."

This exception was overruled by the court. We think this action of the court was erroneous. There had never been what could be properly called an account stated between the parties. In the agreement entered into in December, 1893, it was stated that about $29,-558.12 principal, besides interest, etc., was due. Even this is not an agreement as to a specific amount. It was stated to be "about" the amount named. Subsequently the amount was reduced, and, even if there had been an agreement absolutely as to the $29,558.12, the defendant, we think, would have been entitled, on a special exception, such as it made, to have been furnished with an itemized statement of the reductions, so that it could be put on notice as to why and how it was charged. Whether the general practice would require a plaintiff, under circumstances such as these, to furnish the defendant with a bill of particulars or an itemized statement, such certainly seems to be the practice in the state of Texas.

In the case of Boynton v. Chamberlin, 38 Tex. 604, this is held:

"In a suit upon an account, a petition failing to contain a bill of particulars does not set out the plaintiff's cause of action in a clear and intelligent manner, and is defective."

In the case of Wood v. Evans, 43 Tex. 175, there was a suit for a balance due on a promissory note. There was a demurrer to the petition. The court says:

"The demurrer to the petition should have been sustained. It is alleged in the petition that the defendant had failed to pay the note therein described, except the amount credited on the note, and that there was still a large amount due thereon. But neither the amount of credits nor the amount claimed to be due and unpaid is averred. The mere statement of some indefinite and uncertain amount being due to the plaintiff, for which he asks judgment, is not such a full and clear statement of his cause of action and prayer for relief which the facts authorized him to ask of the court as will warrant a judgment on his behalf. The cause of action and its breach should be distinctly averred and set forth. The facts sufficient to warrant a judgment should be directly and clearly alleged. It is not sufficient that they may, by argument and inference, be decided as conclusions from the facts which are averred."

Article 1187 of the Revised Statutes of Texas of 1879 is as follows:

"The pleadings shall consist of a statement in logical and legal form of the facts constituting the plaintiff's cause of action or the defendant's ground of defense."

Article 1195 states that the petition must set out clearly and fully the cause of action.

In this case there arose a controversy as to the liability of the Howell Cotton Company to the bank. It was afterwards agreed that the amount of such doubtful liability was about twenty-nine thousand and odd dollars. A plan was also agreed upon for the reduction or extinguishment of this indebtedness. Now, where suit was subsequently brought for a balance of $11,541.30 as due on this same transaction, and the court, on exception, refused to require the plaintiff to itemize

its claims, we think error was committed. This item of plaintiff's petition perhaps would not be subject to general demurrer, but on special exception in the specific language set out above we are clear that the defendant was entitled to have the items which made up this aggregate furnished it. It may be said that all this came out on the trial, and that no substantial wrong was done. But this does not appear. In the unfortunate condition of this record, we are only able to consider such exceptions as, under the practice, arise on the pleadings. And why is there not a real and substantial difference to a defendant in making his defense to a suit of this sort between having the items of the account on which he is sued furnished him in advance of the trial and suddenly having them handed him on the trial? Of course, harm may or may not have resulted on this trial for this reason. That we cannot determine, but certain it is that the request made by the defendant when it filed this special exception for a bill of particulars was a legal right, and should have been sustained, and in refusing to grant it the court erred; and it was such substantial error as, in our judgment, requires a reversal of the case, and it is so ordered.

McCORMICK, Circuit Judge (concurring). I concur in the opinion of my Brother, Judge NEWMAN, and his announcement of the conclusions of a majority of the court in its decision of this case. I go somewhat further than he does. In my opinion, the contract declared upon does not, in any sense known to the law of pleading, admit even approximately the amount of the balance due on the account that had been kept by A. S. Johnson & Co. in the name of Howell Cotton Company with the plaintiff. It does admit a liability for $3,000, and,.as I read it, for that amount alone. The reference to the amount of the balance on the other account should only be construed to mean and to say that the bank claimed a balance of about that amount, which the cotton company disclaimed any interest in or liability for beyond the $3,000 which it engaged to pay, and, before the judgment in this case, had paid. The sixth clause of the agreement declared on provides for the keeping of a running account, and implies that that running account may be considered as a continuation of the account which the bank already had; and it is manifest that it is the balance claimed to be due on this continuation of the account for which this action is brought. According to my view of the settled practice in Texas, and the requirements of the statute, and the decision of the courts thereon in reference to the pleadings of the plaintiff, this action should not be maintained without the plaintiff's being required to embody in its petition or attach to it an itemized statement of the particulars of the transactions between the parties, duly set out in the form of an itemized account. To state in general terms that all the items are well known to the defendant, and are set out in its bank pass book, and that the drafts for each of the items have been returned to the drawers, and are now in the possession of the defendant, does not in any degree meet the requirements of the statutes, and the early uniform and continued decisions of the courts on that subject. The cases are not numerous in the Texas reports, because, by the early cases, the practice became so well settled that the matter has not since been con-

tested. The opinion of the majority refers to cases considered nearest in point, and those cases refer to others that had gone before. I have not taken the time to look for later cases. We have been referred to none, and I am satisfied that there can be none in conflict with the early decisions of the court, and what I deem to be the settled practice in that state.