MARY L. THAYER ET AL. V. EDWARD CLARK ET AL.

Decided June 21, 1907.

**1.—Limitation—Evidence—Fact Case.**

Where a defendant entered upon a tract of 141 acres and enclosed and cultivated four acres thereof, evidence as to the character and continuity of his claim to the entire tract considered, and held sufficient to support a verdict upon his plea of limitation, as to the entire tract.

**2.—Charge—Construed in its Entirety.**

Where one portion of a charge, on the issue of limitation, standing alone, was subject to the criticism that it tended to lead the jury to believe that mere uninterrupted possession for ten years would give title by limitation, but such portion of the charge referred the jury to another part which contained full instructions on all the elements necessary to establish title by limitation, the charge as an entirety was not calculated to mislead the jury.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *E. P.* and *Otis K. Hamblen,* for plaintiff in error.

*Fisher, Sears & Campbell,* for defendant in error.

GILL, ·CHIEF JUSTICE.—We adopt from the brief of plaintiffs in error the following statement of the nature and result of this suit.

On September 19, 1902, plaintiffs in error, Mary L. Thayer, W. W. Thayer, Maria L. Clark, and her husband, Harry I. Clark, and Mary C. Skinner, joined by her husband, Edgar Skinner, filed their suit in the District Court of Harris County, in the form of trespass to try title against the defendants in error, Edward Clark and his wife, Alice Clark, and several other parties, in which suit the plaintiffs claim title to the 640 acre survey in the name of Moses Merritt, located near Hockley, in Harris County, Texas. The defendants in error, Edward Clark and his wife, on January 4, 1904, filed their amended answer, in which they set up claim to about 141 acres of the land sued for, describing the same by metes and bounds, and being all of said survey lying north of the Houston & Texas Central Railway, claiming same by limitation under the ten years statutes.

In replication thereto Maria Clark, and her husband, Harry I. Clark, on May 18, 1904, filed their plea, setting forth the disability of coverture of the said Maria L. Clark, and that her interest in said land was an undivided one-fourth.

On January 22, .1906, the defendants in error, Edward Clark and wife, filed their motion asking for a severance from the other defendants in said cause, which was granted by the court. As to said defendants the plaintiffs dismissed their suit as to all of the lands sued for in their original petition except that claimed by the defendants under their plea of limitation. The suit was tried as between the plaintiffs in error and the defendants, Edward Clark and wife, at the January term, 1906, of said court, and a jury having

been demanded by the defendants in error, the jury returned their
verdict in favor of the defendants, Edward Clark and wife, for the
land claimed by them in their pleading, except one-fourth interest
therein, and found for the plaintiff, Maria L. Clark, said one-fourth
interest, and judgment was entered in said cause in accordance with
said verdict on January 23, 1906. The plaintiffs have brought the
cause here by writ of error.

The facts are as follows: The plaintiffs are the owners of the
640 acre Moses Merritt survey, of which the 141 acres in controversy
is a part, except insofar as their title has been divested in favor of
Edward Clark and wife under their plea of limitation of ten years,
and the sole issue for the jury was whether the truth of that plea had
been established. Edward Clark testified that in 1888 he purchased
20 acres of school land adjoining this survey. He also entered upon
and enclosed about 4 acres of the 141 acres of the Moses Merritt
tract, lying east of the railroad, intending to acquire the 141 acres
by purchase from the State, he believing at that time it was public
land. It was vacant land, and no part of the Merritt has ever been
in possession of the plaintiffs or any one for them. A short time
after Clark entered upon the land he learned that it was held by
private ownership, but he continued to claim the 141 acres, intending
to acquire it by limitation. He maintained this claim continuously
for more than ten years next preceding this suit. He kept up his
enclosure and each year cultivated the enclosed part. He raised a crop
thereon each year except two, in which they failed by reason of ad-
verse weather conditions, but he planted and cultivated during those
years. As to the fact of continuous use and adverse claim he is cor-
roborated by several witnesses whose testimony shows that his pos-
session and claim were open and well known in his neighborhood.

Plaintiffs adduced several witnesses who testified to admissions on
the part of Clark during the ten year period, as well as afterwards,
that he was not holding the land adversely and wished to buy when
the owners were in a condition to sell and make title. Clark's refusal
to answer certain questions propounded to him in an effort to take
his ex parte depositions seriously reflect upon the truth of his claim
and the evidence adduced by appellants would have amply sustained
a verdict in their favor. The evidence as to the character and con-
tinuity of his claim is sharply conflicting.

The verdict is assailed on the ground that it is against the great
weight and preponderance . the evidence. The press of business
before the court and the near approach of the close of the term
forbids an extended discussion of the evidence. We have carefully
examined the record and have concluded that the issue presented
was peculiarly for the jury and that the case is not one for our
interference upon the facts. The assignment addressed to this ques-
tion is therefore overruled.

Error is predicated upon the following portion of the court's
main charge: "You are further charged that if you believe from the
evidence that the defendants, Clark and wife, were in peaceable pos-
session of the land described in their answer for ten consecutive
years, cultivating, using and enjoying the same, as you have been

heretofore instructed in this charge, then they have title to said land by virtue of said possession, and you are charged that no statement said Clark may have made, if any, after the completion of said ten years (if it was so completed) in regard to how he held said land, would have the effect to destroy the title acquired by limitation of ten years, if any."

Evidence was adduced to the effect that after the close of the ten year period and at a time when, under certain phases of the proof, his title by limitation had become perfect, he admitted that he had at no time claimed the land adversely. The charge complained of was an effort to properly limit the force of such declarations. Appellants do not contend that such declarations made after his title by limitation had matured would divest him of that title, but complain that the charge was confusing and misleading and tended to lead the jury to believe that mere uninterrupted possession for ten years would perfect his title. The charge standing alone is open to the criticism. But it distinctly refers to a former part of the charge. The part referred to immediately precedes it and contains a clear and full instruction on all the elements necessary to establish title by limitation. The jury are also therein instructed in terms that if at any time during the ten year period the defendants admitted they were holding until they could purchase from the true owners, they could not recover.

That a charge must be construed in its entirety is axiomatic, and we are clear that the charge complained of construed in the light of the preceding portion to which it refers not only presented a correct principle of law, but ought not to have misled the jury, and was not likely to do so. Rost v. Missouri Pac. Ry. Co., 76 Texas, 172.

Because we have found no error in the record requiring a reversal the judgment is in all things affirmed.

*Affirmed.*