DUPONT et al. v. TEXAS & N. O. R. CO.

(Court of Civil Appeals of Texas. Galveston. June 4, 1913. On Motion for Rehearing, June 19, 1913.)

1. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.

In trespass to try title where the defense was adverse possession and the jury affirma-tively found that defendants had had adverse possession of only 2½ acres, the judgment thereon must conform to the verdict, and defendants' motion for judgment for the entire tract on the theory of constructive possession was properly refused.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. APPEAL AND ERROR (§ 1003*) — REVIEW — VERDICT—EVIDENCE—SUFFICIENCY.

In trespass to try title where defendants claimed constructive possession of the entire tract, a finding that they had possession of only 2½ acres held not so palpably against the evidence as to authorize the appellate court in setting it aside.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

3. ADVERSE POSSESSION (§ 85*) — CONSTRUCTIVE POSSESSION—EVIDENCE—SUFFICIENCY.

In trespass to try title where defendants set up constructive possession of the whole tract, they are not entitled to judgment unless their claim to the entire tract, in addition to the possession of a part, be shown by clear and definite testimony; a mere inference not being sufficient.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 498–503, 656, 657, 660, 668, 688–690; Dec. Dig. § 85.*]

4. TRESPASS TO TRY TITLE (§ 50*)—COSTS.

In trespass to try title where plaintiff recovered judgment against defendants for a large portion of the land in controversy, plaintiff is entitled to costs.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 80, 81; Dec. Dig. § 50.*]

5. APPEAL AND ERROR (§ 226*)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW —NECESSITY.

Where costs were incurred because of plaintiff's error in making persons who disclaimed parties defendant, defendants must call that fact to the attention of the trial court in a motion for new trial or to retax costs, and if that be not done the improper allowance of costs cannot be complained of on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1324; Dec. Dig. § 226.*]

On Motion for Rehearing.

6. ADVERSE POSSESSION (§ 98*) — CONSTRUCTIVE POSSESSION.

One holding a part of a tract of land adversely is not entitled to the whole on the theory of constructive possession, in the absence of the showing of an actual claim to the entire tract during the period of limitations or that it would be unjust and inequitable to set off only that portion actually held.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 542–546; Dec. Dig. § 98.*]

Appeal from District Court, Jefferson County; W. H. Pope, Judge.

Action by the Texas & New Orleans Railroad Company against John Dupont and others. From a judgment for plaintiff, defendants appeal. Affirmed.

V. A. Collins and John J. & David E. O'Fiel, all of Beaumont, for appellants. Hightower, Orgain & Butler and D. Edward Greer, all of Beaumont, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

PLEASANTS, C. J. This is an action of trespass to try title brought by appellee against the appellants, John Dupont, G. Stewts, Joe Stewts, Will Stewts, David R. O'Fiel, John O'Fiel, and Orella Dupont, to recover a tract of 42¹/₁₀ acres of land, a part of section 121, Texas & New Orleans Railway survey in Jefferson county. The defendants John Dupont, G. Stewts, and John O'Fiel filed disclaimers. The other defendants answered by plea of not guilty and a plea of limitation of ten years. The claim in the plea of limitation was to all of the 42¹/₁₀ acres described in plaintiff's position.

The cause was submitted to a jury in the court below upon special issues. The questions propounded to the jury and their answers thereto were as follows:

"(1) Have the defendants had actual, open, continuous, adverse possession of any of the land involved in this suit for ten years prior to the 22d day of August, 1911? Answer yes or no.

"(2) If you answer issue No. 1 in the affirmative, then answer this: Can you describe from the evidence what part of the land defendants have had such actual, open, continuous, and adverse possession of? Answer yes or no.

"(3) If you answer issue No. 2 'Yes,' then in answer to this, the third, issue give a description of the land of which you find the defendants have had such actual possession for ten years."

The jury found in the affirmative on Nos. 1 and 2, and on No. 3 they answered: "That portion of the land containing about 2½ acres, as shown on the maps furnished us by the court, which was furnished as evidence and made by S. F. Daniels."

Upon the return of this verdict judgment was entered in favor of plaintiff for all of the land except the 2½ acres mentioned in the verdict, for which judgment was rendered in favor of defendants. Thereafter the defendants filed a motion to correct the judgment and award defendants all of the land; the ground of the motion being that, upon the finding of the jury that defendants were in actual possession of 2½ acres of the land, they were entitled to judgment for the whole tract, because as a matter of law such actual possession of defendants extended by construction to the boundaries of their claim and included all of the 42¹/₁₀ acres. This motion asked in the alternative that the judgment be set aside and a new trial granted defendants on the ground that all of the evidence showed that defendants were in actual possession of the 2½ acres and claimed all of the 42¹/₁₀ acres for more than ten years before this suit was filed.

The evidence shows that the appellee has title from the state to all of section 121, of which the land in controversy is a part, except such portion of said section as defendants may have acquired title to by adverse claim and possession under the ten years' statute of limitation. The actual possession by the defendants of the 2½ acres described in the verdict of the jury for more than ten years before October 15, 1910, the date on which the suit was filed, was shown by all of the testimony in the case. The only evidence of the claim of defendants to any portion of the land other than the 2½ acres actually used and occupied by them is found in the testimony of the defendant Joe Stewts and a witness for the defendants named Frugia.

Stewts testified, in substance, that he went on the land in January, 1900, and has lived there continuously since that time. He described the improvements which he had placed on the land, all of which were on the 2½ acres. He further testified: "My brother Will and stepfather are living on the premises with me; only my brother Will and myself went on the place first and we have been living on the place and claiming it ever since we first went on it. We had Mr. Daniels to survey the land and furnish us a plat. For natural boundaries of the land it goes around the bayou and up near where the old county bridge was and back to the railroad on the southeast side of the county road." The survey made by Daniels for the defendants was made on August 18, 1910. After identifying the map and explaining the field notes made by Daniels, which included one acre of land that defendants do not claim, the defendant Joe Stewts further testified: "We claimed all the land, but did not set up any claim to that acre because we thought it was the right of way for the county; there was a new bridge to be built there about that time. The bridge was there but was all torn up; it was an old wooden bridge. We claimed the whole piece we had surveyed, except the one acre, up to the corner there next to the bridge. The dotted lines on the plat represent the garden, house, and woodyard; the dotted lines represent what we have actually inclosed and in use and occupied by the houses; we had that actually inclosed and in use all the time. Mr. Daniels furnished us with the plat of the land made from a survey made on the ground. We settled on the land for the purpose of getting title to it."

The witness Frugia, after stating that the defendants had been on the land ever since he could remember, testified: "I used to go there every four or five months, and to pass on the way from Sabine Pass to Beaumont, and they were on the land then; they had some trees on the land when I first went there, and the Stewts boys had some little houses on the bank, and they were staying in them; the defendants claimed the land; I stopped there to get some wood in a skiff in 1907 or 1908, and defendants forbade us taking it."

Under their first, second, and fourth as-

signments of error the appellants complain of the refusal of the trial court to correct the judgment or to grant them a new trial upon the grounds set out in their motion, which we have before stated.

[1] It is clear that no other judgment than that rendered by the court could have been properly rendered upon the verdict returned by the jury. The judgment must follow and conform to the verdict, and, the jury having found that the defendants had held adverse possession of only 2½ acres of the land in controversy for ten years before the suit was filed, judgment could not have been rendered for defendants for any part of the land except the 2½ acres, and the court properly refused the motion to correct the judgment.

[2] While the testimony above set out may be sufficient to justify a finding that the defendants claimed the whole of the $42^1/_{10}$ acres during all of the time that they had been on the land, it does not compel such finding, and the verdict of the jury that the defendants had adverse possession of only the 2½ acres for ten years before the filing of this suit is not so against the weight and preponderance of the evidence as to authorize this court to set aside the judgment of the trial court, based on said verdict.

[3] The testimony of the defendant Stewts as to the length of time he had been claiming the $42^1/_{10}$ acres is not as clear and definite as it should be, and the testimony of the witness Frugia upon this issue is more uncertain and indefinite. To entitle them to recover all of the land the defendants were required to show, in addition to their actual occupancy of a portion, that they had been claiming all of it for ten years before the suit was brought, and this showing should have been made by definite testimony and not left to inference. The statement of the defendant Stewts that he had been claiming "the place" ever since he first went on it may mean that he was claiming the whole of the $42^1/_{10}$ acres or that he was claiming the place or portion of the land used and occupied by him. The land was not surveyed until just before this suit was brought, and there is no testimony which definitely fixed the boundaries or extent of defendant's claim prior to the time the survey was made. We think the jury were authorized upon this state of the testimony to find that defendants had not had adverse possession for ten years of any part of the land except the 2½ acres actually used and occupied by them.

[4] Plaintiff in the court below, having recovered judgment against defendants for a portion of the land in controversy, was entitled to recover costs against the defendants.

[5] If the costs incurred by plaintiff in making the defendants who disclaimed parties to the suit was improperly adjudged against the appellants, the matter should have been called to the attention of the trial court in the motion for new trial or to retax the costs. This not having been done, the question cannot be raised in this court, and the third assignment of error which complains of the judgment for costs cannot be sustained. Clark v. Adams, 80 Tex. 674, 16 S. W. 552.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

As stated in our main opinion, the evidence is not such as to require the finding that appellants claimed the specific $42^1/_{10}$ acres of land involved in this suit for ten years prior to the institution of the suit.

[6] If it be conceded that appellants, having shown adverse possession and claim to the 2½ acres awarded them by the jury for more than ten years before the suit was filed, were entitled as a matter of law to have set apart to them as much as 160 acres of the section of which the 2½ acres was a part, they would not be entitled to any specific portion of said section outside of the boundaries of their actual possession without showing that they had claimed such specific and defined portion for the ten years required by the statute, or alleging and proving that it would not be unfair or inequitable to have the specific $42^1/_{10}$ acres now claimed by them set apart to them. No such allegation or proof was made, and their right to the specific $42^1/_{10}$ acres depends upon whether they have been claiming that particular part of the section for ten years before the suit was brought. Louisiana & Texas Lumber Co. v. Stewart, 130 S. W. 199.

We think the motion for rehearing should be overruled, and it is so ordered.