**JOHNSON et ux. v. WISE.   (No. 1739.)**

(Court of Civil Appeals of Texas. El Paso. April 2, 1925. Rehearing Denied April 30, 1925.)

**1. Appeal and error ⬤►1040(10) — Error, if any, in overruling exceptions to petition pleading evidentiary facts harmless.**

Error, if any, in overruling special exception to supplemental petition because it pleaded evidentiary facts is harmless, and not ground for reversal.

**2. Trespass to try title ⬤►33—Petition alleging execution of bond for title but failing to allege delivery thereof held subject to special exception.**

Where supplemental petition in trespass to try title alleged that defendant acquired possession of land under an executory contract of sale with plaintiff's deceased husband, and that husband executed a bond for title in favor of defendant, who in return executed note as purchase price for lot, but did not allege delivery of such bond for title, *held*, that special exception for failure to so allege should have been sustained.

**3. Trespass to try title ⬤►33—Petition alleging execution of note, but not its nonpayment, subject to special exception.**

Where supplemental petition in trespass to try title, in which defendants pleaded limitations alleged that defendants took possession under bond for title, and executed note as purchase price, but did not allege nonpayment of such note, a special exception to petition for failure to so allege should have been sustained.

**4. Trespass to try title ⬤►25 — Doctrine of stale demand held inapplicable.**

In trespass to try title, doctrine of stale demand had no application to supplemental petition alleging that defendants acquired possession of land under executory contract of sale

---

with plaintiff's deceased husband, and gave note for purchase price, and never claimed adversely, as plaintiff's right, if any, was based on superior legal title, in bar of which statutes of limitation alone apply.

**5. Adverse possession ⊜➜63(5)—Vendee's possession under executory contract does not become adverse until repudiation of contract and notice to vendor that he is holding adversely.**

Where one acquired possession of land under an executory contract of sale and executed a note as purchase price, his possession did not become adverse until he paid note, or repudiated contract and his vendor acquired actual or constructive notice that vendee was holding adversely to him.

**6. Trespass to try title ⊜➜40(2) — Purchase-money note properly admitted in evidence, in view of pleadings in evidence.**

In trespass to try title, where pleadings and evidence tended to show that defendant remained in possession under an executory contract of sale and executed a purchase-money note, which recited that it was given in payment of land in controversy, and defendant admitted that note had never been paid, such note was properly admitted in evidence.

**7. Adverse possession ⊜➜85(2)—Evidence held properly admitted to show that defendant's possession was not adverse during prescriptive period.**

In trespass to try title, in which plaintiff alleged that defendant remained in possession under an executory contract of sale and had executed a purchase-money note, while defendant alleged that his possession was adverse, evidence as to defendant's statements that he was not claiming possession, and that it would be satisfactory for plaintiff to find a purchaser, was properly admitted as showing that possession was not adverse during the prescriptive period.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Barbara Scott Wise against J. L. Johnson and wife. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Kirby, King & Overshiner, of Abilene, for appellants.

Louis S. Wise and Ben L. Cox, both of Abilene, for appellee.

HIGGINS, J. On March 14, 1923, appellee filed this suit against J. L. Johnson and wife in the usual form of an action of trespass to try title to lot 11 in block 109 in the city of Abilene.

The defendants answered by a plea of not guilty and the 10 years' statute of limitation. The plaintiff filed a supplemental petition containing the following allegations: That she is the surviving wife of Louis C. Wise, deceased, and the owner of said property as devisee under his will. On August 6, 1890, her husband conveyed lots 9, 10, and 11 in said block to J. L. Johnson, reserving a ven-

dor's lien to secure the payment of two purchase-money notes executed by Johnson, which notes were never paid, and in consideration of the cancellation thereof Johnson and wife, on April 3, 1903, conveyed the three lots back to her husband, who resumed possession thereof, since which date the defendants had never disputed the title of Louis C. Wise, nor held possession thereof adversely to him, his heirs, or the plaintiff. On April 4, 1903, J. L. Johnson agreed to repurchase lot 11, and Wise and J. L. Johnson entered into an executory contract of sale, and Wise executed a bond for title dated April 4, 1903, in favor of J. L. Johnson, and as consideration for said lot Johnson executed his note of that date for the sum of $200, payable to the order of Louis C. Wise, due two years after its date, which note upon its face provided that it was given as the purchase price of said lot 11; that the defendants came into possession and have remained in possession of said lot under such executory contract, and they never claimed the same adversely, but have at all times recognized the title and the claim of plaintiff and her decedent to said lot. The case was submitted to the jury upon the general issue and verdict returned and judgment rendered in favor of the plaintiff. No exceptions were taken to the court's charge. Limitation of 10 years was the only issue submitted.

Error is assigned to the overruling of special exceptions leveled against the supplemental petition upon the ground: First, that the same pleads evidentiary facts; second, the delivery of the bond for title is not alleged; third, nonpayment of the $200 note is not alleged.

[1, 2] Error, if any, in the action upon the first exception, is harmless and not ground for reversal. As to the second exception, it has been held that the allegation of the execution of a note imports delivery (Blount v. Ralston, 20 Tex. 132), but the ruling did not arise upon demurrer. In Santa Fé, etc., v. Cumley, 62 Tex. Civ. App. 306, 132 S. W. 889, it was held that an allegation that the defendants executed and entered into a writing, a copy of which was set out, with a further allegation that the instrument evidences an indebtedness due the plaintiff was sufficient to support a judgment by default as against an objection that the petition failed to allege delivery.

On the other hand, in Moody v. Benge & Jewell, 28 Tex. 545, a default judgment rendered upon a promissory note payable to the plaintiffs which it was alleged the defendant "gave" was reversed because of the failure of the petition to allege delivery. In that case Judge Coke said:

"Upon inspection of the record, we find an error patent upon the face of the petition for

---

⊜➜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

which the judgment must be reversed. Waiving the question as to whether the allegations of the petition, taken together, are tantamount to an averment of the execution of the note sued on by Moody, the plaintiff in error, of which we think there may be some doubt, there is no averment of a delivery of the note to the defendants in error, nor that they are the owners and holders of the note.

"The petition alleges that Moody 'gave' his promissory note, but to whom he gave it is not alleged. It is true, we may infer from the statements of the petition that he gave it to Benge & Jewell, and that they are the owners of it, but in doing so we would be dispensing with a well-established rule of pleading, which requires that the facts constituting the right of a party to recover, and fixing the liability of his adversary, shall be averred directly and distinctly in his pleading, and not left to be supplied by inference.

"An averment that the note was delivered to the plaintiff, or to some other person through whom he claims, is as necessary to entitle the plaintiff to recover as is the averment of its execution by the maker, otherwise there is no privity of contract established between the parties, no liability fixed on the maker, and no right shown in the plaintiff. Jennings v. Moss, 4 Tex. 452. The cases of Lipscomb v. Bryan and Malone v. Craig, 22 Tex. 610, are precisely in point and decisive of this."

See, also, Parr v. Nolen, 28 Tex. 798.

In the case at bar the defect in the supplemental petition was specially excepted to, and upon the authority of the case last cited the exception should have been sustained.

[3] As to the exception that nonpayment of the $200 note was not alleged, this also should have been sustained. Whitaker v. Record, 25 Tex. Supp. 382; Brackett v. Devine, 25 Tex. Supp. 195; Wood v. Evans, 43 Tex. 175; Carter v. Olive (Tex. Civ. App.) 128 S. W. 478.

[4] As to those assignments predicated upon the theory that the plaintiff's demand is stale, it is sufficient to say the doctrine of stale demand has no application. The plaintiff's right of action, if any, is based upon the superior legal title, in bar of which the statutes of limitation alone apply. See cases cited in 16 Michie Dig. 642.

[5] Upon the issue of limitation the only question is whether the appellants' possession was adverse. There is evidence that at the time the lots were reconveyed to Wise on April 3, 1903, the appellant remained in possession of lot 11 under an executory contract of purchase. Under such circumstances his possession did not become adverse until he paid the purchase-money note for $200, which he gave on April 4, 1903, or until he repudiated the contract under which he remained in possession and his vendor acquired notice, actual or constructive, that he was holding adversely to him. Johnson v. Lockhart, 16 Tex. Civ. App. 32, 40 S. W. 640; Smith v. Lee, 82 Tex. 124, 17 S. W. 598; Lander v. Rounsaville, 12 Tex. 195; Thompson v. Dutton (Tex. Civ. App.) 69 S. W. 641;

Wilson v. Nugent (Tex. Civ. App.) 91 S. W. 241; Clark v. Adams, 80 Tex. 674, 16 S. W. 552.

The appellant admits that he never paid the $200 note dated April 4, 1903, nor does he contend that he gave actual notice of his repudiation of the contract under which he remained in possession. Upon the issue of constructive notice of repudiation and the assertion of a possession hostile to the plaintiff and her decedent, the evidence is sufficient to support a finding in favor of appellee. The record in this case is in a peculiar condition. While the plaintiff alleged that on April 4, 1903, Wise and J. L. Johnson entered into an executory contract of sale for lot 11 and the former executed a bond for title, yet the bond for title is not shown in the statement of facts. Of this defect in the evidence no point is made by appellants. But the $200 note was admitted in evidence, and it recites that it was given "for the purchase price" of the lot in controversy. While the contract thus pleaded by the appellee was not proven, yet portions of the testimony of Johnson himself indicate that he remained in possession under a wholly executory contract of some nature. Other portions of his testimony are to the effect that he remained in possession under the first deed from Wise dated August 6, 1890, and was unaware that the reconveyance deed of April 3, 1903, embraced lot 11; that he thought that deed reconveyed only lots 9, and 10.

Error is assigned to the admission in evidence of the note for $200; also to the testimony of two sons of the plaintiff relative to conversations had with Johnson in 1920 wherein Johnson said:

"He said he was ready to pay that $200 note. He said he was ready to pay it now. * * * He said he was not claiming possession of this lot; that it would be satisfactory for us to go ahead and try to find a purchaser for the two places—his home place there and the lot; that he had some trees planted on it, and that the two places would sell better if we could sell them together; by selling the two places together, rather than selling his home place by itself and this lot in controversy by itself. * * * He told me this, which I think would be admissible, that his understanding was that any time, he could come in and pay the $200; that it did not make any difference what time it was, from 1903 until 1924, or any time, with no limit on the time; that he could come in and pay the $200 and take the lot. He said that was his understanding."

[6] As to the note it was clearly admissible in view of the pleadings and evidence tending to show that the defendant remained in possession under a wholly executory contract of sale, the recitation in the note that it was given in payment for the lot in controversy, and the defendant's admission that it had never been paid.

[7] With reference to the testimony of the

(272 S.W.)

two sons of plaintiff, we are of the opinion it was admissible as showing that the possession of Johnson was not adverse during the prescriptive period. Bracken v. Jones, 63 Tex. 184; Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509; Thayer v. Clark, 47 Tex. Civ. App. 61, 104 S. W. 196; Wickizer v. Williams (Tex. Civ. App.) 173 S. W. 289.

The cases to which the appellants refer in this connection arise upon a different state of facts.

For the error in the ruling upon the ' exceptions to the supplemental petition, the case is reversed and remanded. ·