### G. T. JOYNER v. JOE A. JOHNSON.
#### No. 7480.

1. **Bona Fide Settler—Single Man.**—The Act of April 1, 1887 (Laws 20th Leg., p. 85), giving the right to purchase 160 acres to a bona fide settler upon public school lands within six months after the land should be appraised, is not confined to heads of families. A single man if such settler is entitled to the benefit of the act.

2. **Same—Fact Case.**—See facts held sufficient evidence that a single man employed on a ranch was a bona fide settler of land used by his employers, they consenting, so as to entitle him to the benefit of said act.

3. **Pleadings in Trespass to Try Title.**—An action in trespass to try title was brought in the usual form. The defendant pleaded his title. The plaintiff by supplemental petition also set up his title. *Held*, that on the trial the plaintiff should be confined in his evidence to the title pleaded. The rule obtains where title was set up in supplemental petition equally as if it had been set out in the original petition.

APPEAL from Hardeman. Tried below before Hon. G. A. BROWN. No statement is necessary.

*Duncan G. Smith,* for appellant.—Defendant had no preference right to purchase, because he was not an actual settler on the land when the Act of 1887 authorizing its sale went into effect. Gen. Laws 1887, secs.

5, 8; Burleson v. Durham, 46 Texas, 160; Turner v. Ferguson, 58 Texas, 8; Perkins v. Miller & Sayers, 60 Texas, 61; 2 Wait's Act. and Def., p. 634, sec. 2.

*M. M. Hankins* and *J. M. Standlee,* for appellee.—1. Defendant had a preference right to purchase the land for six months after the same was classified and placed upon the market for sale, he being an actual settler on July 4, 1887. Gen. Laws 1887, p. 85, sec. 8.

2. Plaintiff Joyner specially pleaded a purchase from the State and set the same up as his title, and did not plead any title from Eustis, hence can claim no benefit from Eustis' purchase. Snyder v. Nunn, 66 Texas, 255; Hobby's Land Law, sec. 45, p. 47.

GAINES, ASSOCIATE JUSTICE.—This action was brought by appellant to recover of appellee the west half and the southeast quarter of a certain section of school land in Hardeman County, known as section 54, in block 10, of Houston & Texas Central Railway Company's surveys. The petition is in the form of the statutory action of trespass to try title.

The defendant pleaded not guilty, and also specially answered, claiming title to the entire section by virtue of a purchase from the State under the Act of April 1, 1887, which provided for the sale of the public free school, university, and asylum lands belonging to the State. He alleged, in substance, that he was a bona fide settler on the section in controversy on the 4th day of July, 1887, and as such had a preference right to purchase it; that he made his application for the purchase within six months after it was placed upon the market, and that his application was accepted. He further alleged a compliance on his part with all the terms of the statute.

The plaintiff filed a supplemental petition in reply to the answer, in which he denied that the defendant was a bona fide settler upon the section, as claimed by him, and alleged that on the 8th of September, 1887, he settled on the land; that on the 12th of November of the same year he made his application to purchase the part claimed by him; that his application was accepted; and that he made the first payment and executed the obligation for the balance of the purchase money required by the statute; but that he had not made the subsequent payments, because the Land Office had recognized the prior right of purchase claimed by the defendant, and had declined to receive his money.

The statute herein before cited provided, in effect, that any bona fide settler residing on any part of the land authorized to be sold at the time the act should take effect, should have the right, for a period of six months after the land should have been appraised, to purchase as much as one section, to include his improvements. Gen. Laws

1887, p. 85, sec. 8. The plaintiff did not claim to be a settler upon the land at the time the statute went into operation; and therefore, although his application was prior to that of defendant, if defendant was such settler, he had the prior right to purchase the section at any time within six months after the lands were appraised under the act. His application was made within the six months, and therefore the question is, Was he a bona fide settler at the time the law took effect? The Legislature adjourned on the 4th of April, 1887, and the statute went into operation ninety days thereafter. The court below found that issue in his favor, and we think the evidence sustains the finding. He was a single man, but the benefits of the act do not seem to be confined to men with families. The testimony shows, that the defendant had been for several years prior to July, 1887, in the employment of the Warshaw Cattle Company, who had a cattle ranch upon the northeast quarter of the section; that upon the passage of the law for the sale of the land, he determined to settle upon it in order to acquire the right to purchase; that the Warshaw Cattle Company gave him the improvements, and that when the act took effect he was living upon the land at the ranch. It also appeared in evidence that the ranch had been kept up, but it was also shown that the company were disposing of their cattle and intended to abandon the ranch. The defendant had inclosed and improved the land, and was living upon it at the date of the trial. If the cattle company did not desire to keep up the ranch, and if they were willing that the defendant should purchase the land, and if they gave him their improvements and he remained upon the land intending in good faith to reside as a settler upon it, we think he was a bona fine settler. We think the evidence warranted the court below in so finding.

We conclude, therefore, that the defendant showed a title to the land superior to that claimed by plaintiff and specially pleaded in his supplemental petition.

But in order to support his case the plaintiff in rebuttal introduced in evidence a chain of title through one Eustis, who purchased, or at least attempted to purchase, the land under the Act of 1883. The court found, that that title was invalid, and its finding is probably correct. But we do not think it necessary to enter into the question. The appellee insists, that since the plaintiff in reply to his answer set up one title, he should be confined to the proof of the title so pleaded. This would unquestionably be true if he had pleaded in his original petition the facts alleged in his supplemental petition. The rule is well settled, and is a familiar one in our courts. We see no reason why the same rule should not apply in this case. Although the defendant pleaded his title specially, the appellee was not bound to plead specially in reply; but having elected to do so, if he relied upon two titles he should have pleaded both. The principle which underlies

this doctrine is, that when a party, either plaintiff or defendant, in an action of trespass to try title pleads his title specially, he gives his adversary notice that he rests his case upon the title so pleaded, and it is to be presumed that he relies upon no other.   The rule applies as well to a case in which the plaintiff sets out his title in a supplemental petition as when he pleads it in his original petition.   The general principle is, that the expression of one thing is the exclusion of another, and by pleading one title the party impliedly admits that he claims under the title so pleaded, and under no other.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered April 29, 1892.