## L. AGUIRRE DE ROACH ET AL. V. ALLIE D. CLARDY ET AL.

### Decided November 4, 1908.

**1.—Deed—Granting Clause—Exception from Grant—Construction.**

A deed contained the following language in its granting clause: "Have granted, sold and conveyed . . . all that certain piece or parcel of land . . . being all that portion of a tract of 150 acres . . . conveyed to A. by M. . . . except certain pieces or parcels of land out of said tract which we have heretofore conveyed by deed to . . . all of said deeds to said grantees being recorded in the deed records of said county . . . and excepting further three acres upon which our residence now is and adjoining the same, and which said tract is to be hereafter surveyed for us." Held, said clause when read in its entirety evidenced an intention on the part of the grantors to convey the entire tract of 150 acres, excepting only therefrom the tracts that had been previously conveyed and the three acres, and hence was not void for uncertainty as to the particular land on which the grant was to operate. If there was any uncertainty it attached to the parts which were to be excepted, but these parts being capable of identification by the aid of extrinsic evidence, the deed was valid.

**2.—Same—Excepted Part—Duty to Designate.**

The granting clause of a deed contained the following language: "And excepting further three acres upon which our residence now is and adjoining the same, and which said tract is to be hereafter surveyed for us." Held, said language did not necessarily impose upon the grantees the duty of surveying and segregating said three acres from the remainder of the tract. Evidence as to the conduct of the grantors themselves considered, and held competent and sufficient to show that the grantors recognized the duty as devolving upon them to segregate said homestead tract from the land conveyed.

**3.—Same—Executory Grant—Stale Demand.**

When the duty rests upon the grantor in a deed to select and segregate a particular part or portion reserved to himself out of a larger tract, he can not, by his own failure to make the selection for twenty years, defeat the grant on the ground that it is executory and the right to execute it was barred by limitation.

**4.—Trespass to Try Title—Pleading—Judgment—Description of Land.**

Where the plaintiffs in trespass to try title seek to have a deed executed by their ancestor set aside and to recover the entire tract of land thereby conveyed, they can not complain that the judgment which awards to them only a small portion of the tract sued for does not describe the same by metes and bounds.

**5.—Trespass to Try Title—Pleading by Defendant—Right of Plaintiff to Recover.**

The fact that a defendant in trespass to try title pleads his title specially and fails in his proof of the same will not entitle the plaintiff to a judgment for the land in controversy unless he proves a right in himself to do so.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*F. G. Morris,* for appellant.—The court erred in the conclusion of law

that the deed from Pedro Aguirre and wife, Ysabel Aguirre, to Zeno B.
Clardy and F. Desloge, vested title in them to all the land described as
unsold in said deed except three acres adjoining the house in which said
Aguirre and wife resided at the time said deed was executed to said
Clardy and Desloge on the 14th day of July, 1887. Greenleaf's Lessee
v. Birth, 6 Peters, 302, L. Ed. Book 8, 406; Dull v. Blum, 68 Texas,
299; Gorham v. Settegast, 98 S. W., 669; Tayler v. Taul, 88 Texas, 665;
Pierson v. Sanger, 51 S. W., 869; Dwyre v. Speer, 27 S. W., 585; Ox-
sheer v. Watt, 91 Texas, 124; Clapp v. Beardsley, 1 Vt., 150; Preston v.
Robinson, 24 Vt., 583; Wheeler v. Ladd, 40 Ark., 108; Adams v. Edger-
ton, 3 S. W., 628; Devlin on Deeds, secs. 852 and 1019; Grogan v.
Vache, 45 Cal., 610; Adams v. Hopkins (Calif.), 77 Pac., 720 and 721;
Cravens v. White, 73 Texas, 577; Koenigheim v. Miles, 67 Texas, 121;
Watkins v. Tucker, 84 Texas, 430; Zundel v. Baldwin (Ala.), 21 So.,
420; Mutual Building & Loan Ass'n v. Wyeth (Ala.), 17 So., 45; Plenny
v. Ferrill (Miss.), 11 So., 6.

The deed under which defendants claim not having vested any title
when executed, but having remained executory, the right of defendants
to tender performance by selecting and surveying for plaintiffs, especially
as to J. A. Lowe, who holds by purchase from the heirs of the grantor,
after twenty years from the accrual of a cause of action for specific per-
formance accrued, is barred by the four years statute of limitation, and
has become a stale demand and could not now be exercised, nor was any
offer or tender of performance made in this suit, therefore judgment
should have been for plaintiffs. Dull v. Blum, 68 Texas, 299; New York
& T. Land Co. v. Hyland, 28 S. W., 206.

*A. G. Foster* and *Turney & Burges,* for appellees.—The court did not
err in the conclusion of law that the deed from Aguirre and wife to Des-
loge and Clardy was a valid deed vesting title in grantees, because said
deed was certain in its terms, and the property conveyed certain of as-
certainment. Benn v. Hatcher, 81 Va., 25 (59 Am. Rep., 645); Do-
honey v. Womack, 20 S. W., 950; Cravens v. White, 73 Texas, 577;
Kingston v. Pickins, 46 Texas, 99; Henry v. Whitaker, 82 Texas, 5;
Falls L. & C. Co. v. Chisholm, 9 S. W., 479; Watkins v. Tucker, 84
Texas, 429; Koenigheim v. Miles, 67 Texas, 113; Herman v. Likens,
90 Texas, 448.

The deed from Aguirre and wife to Desloge and Clardy was not void
on account of the exception of three acres to grantors in general terms
and not by definite boundaries, out of the whole tract conveyed, because
the identity of the land reserved from sale was capable of identification
by extrinsic proof. Kingston v. Pickins, 46 Texas, 99; Wilson v. Smith,
50 Texas, 365; Giddings v. Day, 84 Texas, 605; Vineyard v. O'Connor,
90 Texas, 63; McWhirter v. Allen, 20 S. W., 1007; Minor v. Powers, 24
S. W., 711; Stone v. Clark, 35 Am. Dec., 370; Linney v. Wood, 66
Texas, 22.

JAMES, CHIEF JUSTICE.—Appellants were the plaintiffs in an action
of trespass to try title against Mrs. Allie D. Clardy and F. Desloge.
Plaintiffs alleged possession in themselves of a certain tract of 53¼
acres of land, which remained of a larger tract of 150 acres described in

a deed from Pedro Aguirre and wife to Zeno B. Clardy and F. Desloge, less parts thereof previously conveyed by Aguirre and wife and three acres in a certain locality.

The amended petition set forth said deed; that plaintiffs were the heirs of Pedro Aguirre and wife; that defendant, Allie B. Clardy, was the sole devisee and independent executrix of Zeno B. Clardy, and alleged that said deed never took effect as a conveyance of any land, for that there was never surveyed for the said Pedro Aguirre and wife three acres of land upon which their residence was at the time the deed was signed and adjoining said residence, and without such survey being made for them of said land said deed did not identify any land so as to operate as a conveyance thereof. That no survey of said three acres having ever been made, said deed, if it had any effect, remained executory, and did not take effect as to any land, and has so remained for four years, more than ten years, and nineteen years after its execution; wherefore the right of the vendees, if any·such right existed to have said survey made of said three acres for Pedro Aguirre or his heirs so as to give effect to said deed, has long since become a stale demand, and said right is also barred by the statute of four years. The prayer was for decree setting aside said deed; that plaintiffs have their title to said land established, and defendants'claim thereto, constituting a cloud on plaintiffs' title, removed, and for general relief.

The above indicates the nature of the case. The result of the trial will be shown by a brief statement from the judge's conclusions, there being otherwise no statement of facts.

The court found that the deed, as above described, was executed by Pedro Aguirre and wife on July 14, 1887; "that neither plaintiffs nor defendants at any time have surveyed or otherwise segregated the three acres for Pedro Aguirre or his heirs adjoining his residence, except that sufficient land remains unsold around the residence of Pedro Aguirre to make the quantity of three acres, and that possession of the land around the residence of said Pedro Aguirre has at all times remained in Pedro Aguirre and wife, and since their deaths in their heirs, and that such possession of said land has always been respected by said defendants, and that said defendants have treated the land so held by plaintiffs as the property of Pedro Aguirre, his wife and their heirs, and it was generally understood by the parties that the three acres meant were three acres immediately surrounding the house; that the plaintiffs executed a deed to a portion of the land lying east of the Aguirre home, describing said land as being bounded on the east 119 feet with the lands of Mr. Clardy, and bounded on the north 56 feet with land of Mr. Clardy, which deed was the confirmation deed of one given by Ysabel Aguirre in her lifetime on February 7, 1891." That Pedro Aguirre and his wife remained in possession of said homestead and resided there until their death, the latter dying in 1892, and that thereafter and up to this time their daughter has remained there, but not by such assertion of claim as makes title to land by limitation, and that neither plaintiffs nor defendants had any title by that character of possession.

The court also found that Z. B. Clardy and F. Desloge paid taxes on 170 acres out of the Elijah Bennett survey No. 11, in the years 1887

and in 1888, and all subsequent years, on 250 acres out of the said survey, and that Victoriano Martinez (husband of one of the plaintiffs) rendered for taxes in 1888, in the name of Pedro Aguirre, 30 acres of said survey, and in 1890 there was rendered and paid on three acres of said survey in the name of Pedro Aguirre, and that for the years 1904, 1905, 1906 and 1907 Chona Lucero, who remained in possession of the Aguirre house, rendered and paid taxes on three acres of said survey and stated that her claim was for three acres of land.

The court's conclusion of law was that the deed by Pedro Aguirre and wife operated to vest title in Clardy and Desloge to all the land described as unsold except three acres adjoining the house in which Aguirre and wife resided at the time the deed was executed. The judgment rendered was that plaintiffs take nothing, and that defendants have and recover of plaintiffs the land involved, describing the 53¼ acres by metes and bounds, "except three acres of land upon which was situated on the 14th day of July, 1887, the residence of Pedro Aguirre and wife and adjoining said residence." Plaintiffs have appealed.

The two propositions upon which appellants rely in this court under their assignments are:

*First proposition.*—"The granting clause of the deed from Aguirre and wife to Clardy and Desloge being operative only on 'that portion of a tract of 150 acres . . . except' (certain tracts before sold), 'and excepting further three acres upon which our residence now is and adjoining the same, and which said tract is to be hereafter surveyed for us,' the grant could not take effect without identifying that on which the grant was to operate by eliminating that on which the grant did not operate. The grantors did not convey the 150-acre tract by the granting clause and then provide for exceptions out of it of certain parts, but the granting clause only operated on that portion which remained after withholding from the operative words of conveyance all except that part remaining after eliminating certain parts; and the three acres to be surveyed adjoining and to include the house, not being described so that they could be identified at the time the deed was executed, the deed attempted to convey a particular part of a larger survey and not an undivided interest, and the part on which the granting clause was intended to operate not being susceptible to identification otherwise than by describing the parts on which the granting clause did not operate, the deed constituted an attempt to convey and describe a particular part of a larger tract of land, and was void for uncertainty as to the particular part on which the conveyance was intended to operate, and did not convey an undivided interest, this not being intended by the parties; and the right given the grantees to select and survey for the grantors three acres adjoining and to include the grantors' house, never having been exercised, the deed never took effect as a conveyance of any land, but remained executory. Without such selection and survey, or pleading the right and offering to specifically perform the same, said deed was no obstacle to a recovery by plaintiffs, the successors in title of the grantors, in an action of trespass to try title."

*Second proposition.*—"The deed under which defendants claim not

having vested any title when executed, but having remained executory, the right of defendants to tender performance by selecting and surveying for plaintiffs, especially as to J. A. Lowe, who holds by purchase from the heirs of the grantor, after twenty years from the accrual of a cause of action for specific performance accrued, is barred by the four years statute of limitation, and has become a stale demand and could not now be exercised, nor was any offer or tender of performance made in this suit, therefore judgment should have been for plaintiffs."

The exceptions in the granting clause are in the following language: "Have granted, sold and conveyed and by these presents do grant, sell and convey unto the said F. Desloge and Zeno B. Clardy . . . all that certain piece or parcel of land situated in the county of El Paso and State of Texas, and being all that portion of a tract of 150 acres, part of survey No. 11, conveyed to said Pedro Aguirre by Joseph Magaffin . . . except certain pieces or parcels of land out of said tract which we have heretofore conveyed by deed to . . . , all of said deeds to said grantees being recorded in the deed records of said county . . . , and excepting further three acres upon which our residence now is and adjoining the same, and which said tract is to be hereafter surveyed for us." The parts referred to as previously sold off were identified.

The primary contention of appellants is that the granting clause did not purport to grant the entire tract of 150 acres less the exceptions; but in express language operated only upon what land was left after taking from the 150-acre tract the parcels excepted.

The rule is that a grant of a certain entire tract, excepting a portion, is not executory in any sense, and if the land sought to be excepted is so described as to be unascertainable, it is the exception that will fail and not the grant, as the uncertainty affects the exception only. (Loyd v. Oates (Ala.), 38 So., 1022; McAllister v. Honea, 14 So., 264.) The converse of this proposition is what appellants invoke as applicable to the granting clause in question. The position is made clear by a quotation from Frank v. Myers (Ala.), 11 So., 835, in discussing certain cited cases: "In neither of these cases did the vendor sell a certain whole excepting an uncertain part, but attempted to sell an uncertain part of a certain whole. The uncertainty and infirmity which render inoperative a sale like these lie in the grant itself, and not in any uncertain exception from the grant."

There is, therefore, some ground for appellant's construction of the clause, because it uses the words "that portion" of the tract of 150 acres, from which it would appear that this granting clause operated upon, and was in terms addressed, only to that portion of the 150 acres which remained after taking off the excepted parts, using the excepted parts of the 150 acres merely as a matter of description of "that portion" which was granted, that making uncertainty exist in the grant itself.

The contention just referred to is, however, dealing with the clause upon the abstract theory that the three-acre exception as described in the deed is incapable of identification. As we think the said three-acre tract was left, and is susceptible of identification, there is really no need of our holding that this granting clause is or is not entitled to the effect contended for. We will state, nevertheless, that the clause, when

read in its entirety, shows that the intention of the grantors was to pass title to all of the 150 acres, excepting therefrom what had previously been conveyed and the three acres. The very use of the word "except" indicates this. The exception reads: "And excepting further three acres upon which our residence now is and adjoining the same, and which said tract is to be hereafter surveyed for us."

The facts are that the deed was made in July, 1887; that the grantors were living in a house upon the three acres at the time and up to their death, the husband dying first and the wife dying in 1892, and their heirs have since been living there using the surrounding land, it being treated as theirs by defendants; that it was generally understood that the three acres meant the three acres immediately surrounding the house, and that in November, 1906, the plaintiff, Carolina Aguirre Martinez, and her husband executed a deed to a portion of land lying east of the Aguirre house, describing the same as being bounded on the east 119 feet with the lands of Mr. Clardy, and bounded on the north 56 feet with land of Mr. Clardy, which deed was a confirmation deed of one given by Ysabel Aguirre in her lifetime in 1891.

In the first place, we believe that appellant's counsel is in error in saying that the deed imposed upon the grantees the duty to survey the three-acre tract for the grantors. The deed does not say so. It says that it was to be surveyed for the grantors. We take this to mean that it was to be surveyed in their behalf, or in their interest. It meant that the grantors were to have the three acres about the house as they wished it. It would be wholly unreasonable to say (unless the deed had expressed otherwise) that the grantees were authorized to survey off any three acres including the house in any shape they saw fit for the grantors, when both the exception and the mode of its ascertainment were manifestly to be in the interest of the grantors, they alone knowing their desires in that respect.

But we are not left to the bare language of the deed. In questions of this kind, light is thrown upon what was intended by the practical construction placed upon the clause by the parties. Neither party called upon the other to make any designation. The surrounding land remained open except as used by the occupants of the Aguirre house. But in 1891 Mrs. Aguirre, who had survived her husband, deeded a lot east of the house and bounded it on the east and north by the land of Mr. Clardy, which deed was long afterward confirmed by another deed. This would appear to have been in respect to the excepted three acres and a selection or designation in respect to it, at least, so far as fixing one corner was concerned, and the north and east lines to some extent. We thus have the grantors acting upon the theory that the deed gave them the right of selection, and it does not appear that this exercise of the right was ever questioned.

Accordingly we conclude that it was not necessary for the grantees to designate the three acres in order to give the deed validity. The matter involved here is essentially different from a grant such as of a certain number of acres to be selected by the grantee out of a tract, which is held to be executory and as not confirming any title until the selection is made, and that such right of selection in the grantee may not be enforced after the lapse of too long a time. The present is the

case of a grant, depending upon the selection or description by the grantor of a certain excepted number of acres at a certain locality, and he and his heirs can not defeat the grant by their own failure to make the selection.

Enough has been said to dispose of both the propositions. The judgment rendered does not adjudicate the boundaries of the three acres. The plaintiff did not seek such adjudication, but sought to have the deed declared void, and to have the entire land attempted to be conveyed by it adjudged to them. This they were not entitled to, and under the pleadings and evidence they have no just reason to complain of the judgment as rendered.

### ON MOTION FOR REHEARING.

The amended petition, on which the case was tried, set forth the conveyance from plaintiffs' ancestors to defendants, and alleged that it was not signed by the ancestors, and, if signed, was void for indefinite description. We might presume that plaintiffs introduced the deed in evidence. The fact is, it was introduced and was the basis of the controversy; and, by whomsoever introduced, it precluded plaintiffs from recovering upon their pleadings, in so far as it had validity as a conveyance.

It is true that defendants pleaded and sought to establish that the three acres had been agreed upon, or had been selected, and that the proof failed to show this. Nevertheless, defendants were entitled to the benefits the deed conferred on them, and plaintiffs were not entitled to relief contrary to its effect. The judgment entered was in accordance with a correct construction of the deed, and the court, evidently from lack of proof, was unable to correctly go further than to make the adjudication it did.

It is undoubtedly true that when, in trespass to try title, defendant pleads title specially, he can rely on no other. But, viewing the amended pleading as embodying the statutory action of trespass to try title (which we think it was not), it is equally true that plaintiff in such an action, even when defendant pleads specially a title which he fails to prove, can not recover if the evidence develops he has no right to the relief he asks. Hayes v. Gallaher, 21 Texas Civ. App., 90; Hutcheson v. Chandler, 47 Texas Civ. App., 124. The motion is overruled.

*Affirmed.*

Writ of error refused.