BAILEY v. BURKITT.    (No. 7503.)

(Court of Civil Appeals of Texas. Galveston. Jan. 15, 1918.)

1. VENDOR AND PURCHASER ⬠46—CONTRACTS — CONSTRUCTION — ASCERTAINMENT OF INTENTION.

In construing a contract for the sale of land, the court must look to all parts of the instrument and the surrounding circumstances to ascertain the intention of the parties in making use of the particular words and phrases and in making the contract as a whole.

**2. VENDOR AND PURCHASER ⬅️79 — STATUTE OF LIMITATIONS—RIGHT TO RECOVER REALTY — "DEED OF CONVEYANCE" — "VENDOR'S LIEN NOTES."**

A contract for the sale or lease of land, whereby the seller promised he would make a deed and convey to the buyer only on the buyer's making specified payments, which in fact were never made, was not a "deed of conveyance," and the conditional obligations of the buyer to pay the sums mentioned were not "vendor's lien notes," within Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, providing that the right to recover any real estate by virtue of a superior title retained in any deed of conveyance or in any vendor's lien notes given for the purchase money of such real estate shall be barred after four years from the maturity of the indebtedness.

**3. APPEAL AND ERROR ⬅️907(3) — PRESUMPTIONS FAVORING TRIAL COURT—SUFFICIENCY OF FACTS TO SUPPORT JUDGMENT.**

In the absence of a finding of facts or a statement of facts, the Court of Civil Appeals must presume that the trial court had sufficient facts before it whereon to render the judgment it did render.

**4. VENDOR AND PURCHASER ⬅️79—VENDOR'S RIGHT TO DECLARE CONTRACT VOID—NOTICE IN WRITING.**

Where a contract for the sale or lease of land provided that the seller, on the buyer's failure to perform, should have the right to declare it null and void, in so far as it obligated him to convey the land, without any declaration of forfeiture, and also provided that the seller should have the right to demand possession after notice in writing to the buyer that he had already declared the contract null and void, etc., the contract did not require that the seller should give the buyer notice in writing as a prerequisite to his right to declare the contract null and void.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by George W. Burkitt against Charles E. Bailey and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

B. H. Gardner, of Palestine, for appellant. Thos. B. Greenwood, of Palestine, for appellee.

LANE, J. This suit was instituted in the district court of Anderson county, Tex., on the 20th day of September, 1916, by George W. Burkitt against appellant Charles E. Bailey and his tenant, R. M. Kennedy, in the ordinary form of trespass to try title to certain land described in plaintiff's petition. Judgment was rendered for Burkitt against both defendants for the land. Charles E. Bailey alone appealed.

The following statement is deemed sufficient for an understanding of the nature of the suit and result of the trial.

On the 20th day of March, 1904, George W. Burkitt and Charles E. Bailey jointly executed in duplicate a contract in writing whereby Burkitt agreed to either sell or lease to Bailey certain land in said contract described, conditioned: That Bailey would pay Burkitt $100 cash and would pay Burkitt the further sum of $15 and interest there-

on, on the 20th day of April, 1904, and $15 on the 20th day of each and every month thereafter, and interest thereon at the rate of 10 per cent. per annum, up to and including the month of March, 1909, a total sum of $1,000, exclusive of interest; that Bailey would pay said sums of money punctually as each of said sums became due, and would pay all taxes due on said land. It was further conditioned that in case Bailey should punctually pay the several sums of money at the several times above mentioned, and strictly and literally perform all and singular the agreements and stipulations in said contract above mentioned, then Burkitt would make him a deed, conveying to him said land, upon a request of Bailey so to do and upon surrender by Bailey of his contract; but that should Bailey fail to make the aforesaid payments, or any of them, punctually within the time limited, or failed to otherwise fully perform his part of the contract, Burkitt should have the right to declare the contract null and void in so far as it obligated him to convey said land, and all rights and interest created by said contract in favor of Bailey should cease and terminate, and that said premises should revert to and vest in Burkitt without any declaration of forfeiture, or without any other act upon the part of Burkitt, and without any right of Bailey for reclamation or compensation for moneys paid or improvements made on said land, as absolutely, fully, and perfectly as if said contract had never been made.

It was further conditioned that should Bailey fail to make said payments, or any part of them, or fail to perform his other obligations under the contract, and Burkitt should exercise his right to refuse to convey said land to Bailey, all payments made by Bailey should be applied as payments of rent for the use of the premises, and that upon notice in writing from Burkitt to Bailey that he (Burkitt) had declared the contract null and void in so far as it obligated him to convey said lands, said Bailey should be regarded as willfully holding over said land after the termination of the time for which said land was leased; that is to say, that said contract should be construed to be a lease to terminate upon the failure of Bailey to comply with the terms thereof, and that Burkitt should then have the right to demand possession of the land and premises; and should Bailey fail to deliver up such possession Burkitt should have the right to proceed to recover such possession by an action of forcible entry and detainer.

Appellant answered setting up the terms of the contract; averred that the last sum to be paid by the terms of the contract had been due and payable more than six years prior to the filing of plaintiff's petition; no extension of the time of payment of said

---

sum had been made in any manner, and that therefore appellee's cause of action was barred by the four-year statute of limitation as provided by articles 5694 and 5695, Vernon's Sayles' Civil Statutes of Texas.

The undisputed evidence shows that Charles E. Bailey paid the $100 cash payment called for by said contract on the day of the execution thereof, to wit, March 20, 1904; that he took possession of the land under the provisions of the contract and has held possession thereof ever since, either in person or by tenants; that Bailey made irregular payments during the years from 1904 to 1913, inclusive, except the years 1908, 1911, and 1912, but during these years he made no payments whatever, nor were the payments made by him during the other years mentioned in accordance with the terms of the contract; that after deducting all payments made by Bailey from the amount specified in the contract to be paid to Burkitt with the agreed interest thereon, there remained unpaid of same the sum of $1,099.44.

The foregoing statement is substantially the facts as found by the trial court. As conclusions of law, the court said:

"(1) I find that the written instrument of date March 20, 1904, set out above, is a mere executory contract for a deed, and that defendant Bailey has failed to perform his obligations thereunder, and that hence plaintiff, as the owner of the title to the land, is entitled to judgment.

"(2) I find that since plaintiff's right to recover does not depend upon any superior title retained in any deed of conveyance or in any vendor's lien note, but is based upon the ownership of title to land, of which he has never been divested, therefore articles 5694 and 5695 of Vernon's Sayles' Texas Civil Statutes do not bar plaintiff's right to recover, and judgment will be entered in his favor for the title and possession of the land in controversy."

[1, 2] Appellant's first assignment of error is as follows:

"The court erred in rendering judgment for the appellee instead of for appellant, the conclusion of fact filed by the court showing that appellee's cause of action was barred by limitation under articles 5694 and 5695 of Vernon's Civil Statutes of Texas."

Article 5694 referred to in the assignment reads as follows:

"The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon, and the lien reserved in any such notes and deeds conveying the land shall cease to exist four years after the note or notes have matured, provided the lien re-

served in such note or notes may be extended as provided in section 5695 of this chapter and provided, if several obligations are secured by said deed of conveyance, the same may be enforced at any time prior to four years after the note or obligation last maturing has matured and may be enforced as to all notes not then barred by the four years statute of limitations."

There is no contention on the part of appellant that there was any extension of any obligations assumed by either party to the contract, as provided by article 5695, and therefore it is unnecessary to notice or discuss the provisions of that article.

The contention of appellant succinctly stated is, that the instrument in question must be construed to constitute a "deed of conveyance," such as mentioned in article 5694 above cited, and that the conditional obligations for the payments of the sums mentioned in the instrument must be construed as being vendor's lien notes, though not strictly such; and that as the last of the sums mentioned in the instrument was to be paid on the 20th day of March, 1909, and this suit was not filed until the 20th day of September, 1916, more than six years after the last sum mentioned in the contract was to be paid, and as no extension of the time of payment had been made, the right of appellee to recover the land involved in this suit was barred by the statute of limitation of four years at the time of filing said suit.

It is stated in appellant's brief that he does not contend that the instrument in this case is an absolute deed of conveyance, or that the conditional promise to pay the same mentioned therein constitutes a promissory note, "but that he does contend that the instrument is an executory contract of sale, and, in legal effect, is that kind of a deed of conveyance wherein the superior title is retained in the vendor until the purchase money is paid, or until such time has elapsed after maturity that the law conclusively presumes payment." This contention is based, he says, upon the use of some expressions therein, such as, "The party of the first part agrees to lease or sell unto the second party"; "the lot herein conveyed"; "the consideration being $1,000"; "the same being part of the purchase money," etc.

In construing the contract, we must look to all parts of the same and the surrounding circumstances to ascertain the intention of the parties in making use of the words and phrases therein, and in making the same as a whole. When this is done it is manifest that appellee did not convey, or intend, by the instrument, to convey to appellant either a legal or equitable title to the land in question. It is also manifest that the only promise made by appellee in the instrument was that he would make a deed and convey the land to appellant only upon the performance by appellant of certain things specified in the instrument, and which the undisputed evidence shows were never performed.

We think appellee did his best to have the

contract in question so worded as to show that he did not intend thereby to pass any sort of title to the land to appellant, and that he would not do so unless, and only in the event, appellant fully complied with his part of the contract, and he is unfortunate, indeed, if he could not find language to express such intention, but we have no sort of doubt that he has clearly expressed his intention by the language of the contract. It is provided in the contract that:

"Should the party of the second part fail to make the payments aforesaid, or any part of them, punctually and upon the strict terms and time above limited, and likewise to perform and complete all and each of the agreements. and stipulations aforesaid strictly and literally, without any failure or default, then the party of the first part shall have the right to declare this contract null and void in so far as it obligates him to convey said land to the party of the second part, and all rights and interest hereby created, or then existing, in favor of the said party of the second part, or derived under this contract, shall cease and determine, and the premises hereby contracted shall revert to and revest in party of the first part (without any declaration or forfeiture, or without any other act by said party of the first part to be performed, and without any right on the part of the party of the second part for reclamation or compensation for moneys paid or improvements made) as absolutely fully and perfectly as if this contract had never been made."

We do not think that either the statute or the decisions cited by appellant to sustain his contention have any application to the suit of appellee, nor do they tend to support his defense. It is unnecessary to cite authorities in support of the conclusions reached or to prolong this discussion. The assignment is overruled.

It is insisted by the second and last assignment that:

"The court erred in rendering judgment for appellee because under the contract between appellant and appellee the appellee had no right to possession until he had notified appellant in writing that he had declared said contract null and void in so far as it obligates him to convey said land to appellee, and there was no such notice given."

[3] We overrule the assignment. Appellant does not seek by his answer to avoid the rescission of the contract by reason of the fact, if it be a fact, that appellee did not notify him in writing that he (appellee) had declared the contract null and void, and, besides, there is neither a finding of fact on this point, nor statement of facts in the record, and in the absence of either a finding of facts or statement of facts we must presume that the court had sufficient facts before it to render the judgment it did render.

[4] Again, we do not think that the contract required that appellee should give appellant notice in writing as a prerequisite to his right to declare the contract null and void. The contract specially provides that appellee, upon the failure of appellant to comply with his part of said contract, should have the right to declare the contract null and void—

"in so far as it obligates him to convey said land to the party of the second part, and all rights and interests hereby created, or then existing, in favor of the said party of the second part, or derived under this contract, shall cease and determine, * * * (without any declaration of forfeiture, or without any other act by said party of the first part to be performed, and without any right of the party of the second part for reclamation or compensation for moneys paid or improvements made) as absolutely fully and perfectly as if this contract had never been made."

That part of the contract providing for a notice in writing was to the effect that appellee should have the right to demand possession of the land and premises after notice in writing to appellant that he had already declared the contract null and void, and that, if after the receipt of such notice by appellant he should fail to deliver such possession, then appellee should have the right to recover such possession by an action of forcible entry and detainer.

Appellant does not seek by pleading or otherwise to have the right extended to him to hold the land through compliance with his contract. He stands only upon his claim of right to acquire title by limitation.

The judgment of the trial court is affirmed.

Affirmed.