**BAILEY v. MANN et al.   (No. 1423.)**

(Court of Civil Appeals of Texas.   El Paso. Feb. 15, 1923.)

**1. Vendor and purchaser ☞126—Purchaser, defaulting in obligation of executory contract, liable for use and occupation.**

A purchaser under an executory contract, defaulting in his obligation, may be *held* liable for the value of the use and occupation of the premises under proper allegations and proof, in an action by the vendor to rescind.

**2. Vendor and purchaser ☞280(1) — Count for rescission of conveyance held subject to demurrer as to recovery of rents or damages.**

In an action by a vendor against a purchaser, in which the first count was in trespass to try title, a second count for rescission, alleging a conveyance by plaintiff to F., and that plaintiff retained a vendor's lien to secure notes, and that F. contracted to sell the premises to K., who assumed the payment of the notes, and that K. had assigned her rights to B., who was in possession of the premises, which she refused to surrender, was subject to general demurrer as far as concerns the right to recover rents or damages, and could not be aided by the separate count in trespass to try title.

**3. Judgment ☞248—Feature of judgment, not supported by allegation of count on which judgment was based, cannot stand.**

In an action by a vendor against a purchaser in which the first count of the petition was an action in trespass to try title, and the second was for rescission upon title specially pleaded, a judgment on the second count for rescission, and for damages against a transferee of the purchaser, which the allegations of the second count did not support as to the damages, cannot be upheld as to the damages, and cannot be aided by the separate count in trespass to try title.

Error from District Court, El Paso County; P. R. Price, Judge.

Action by Jacob Mann against Blanche Bailey and another. From a judgment for plaintiff against the named defendant, she brings error. Reformed and affirmed.

R. J. Channell and E. L. Medler, both of El Paso, for plaintiff in error.

Goggin, Hunter & Brown, of El Paso, for defendant in error.

HIGGINS, J.  Jacob Mann brought this suit against Alice Werne French and Blanche Bailey, feme soles; the petition being in three counts. The first count is in the statutory form of trespass to try title to certain lots in the city of El Paso and to recover the rental value thereof from September 21, 1921. The second count is for rescission, setting up that theretofore Mann conveyed the lots to Mrs. French, expressly retaining in the deed a vendor's lien securing certain notes given by Mrs. French in part payment for the premises; that Mrs. French had contracted in writing to sell the premises to Mrs. M. Kane, who assumed the payment of the notes, and who in turn had assigned her rights to Blanche Bailey, who was in possession of the premises, and who refused to surrender the same to the plaintiff. The third count sought to recover upon the notes and to foreclose the vendor's lien. Mrs.

French and Mrs. Bailey filed no answer. Judgment was rendered, canceling the deed and notes and in favor of Mann against both defendants for the title and possession of the lots and in further favor of Mann against Blanche Bailey for $290 damages. Subsequently Blanche Bailey sued out this writ of error.

[1] Complaint is made of that portion of the judgment in Mann's favor for $290, upon the ground that there is no pleading to support it. A vendee under an executory contract, defaulting in his obligation, may be held liable for the value of the use and occupation of the premises in an action by the vendor to rescind, under proper allegations and proof. Jones v. Hutchinson, 21 Tex. 370; Terrill v. De Witt, 20 Tex. 257; Stinson v. Sneed (Tex. Civ. App.) 163 S. W. 989.

[2] The second count of the petition is an action to rescind, but it contains no allegation which would authorize the recovery of judgment against Blanche Bailey either for rents or damage to the property. Defendant in error does not claim that this feature of the judgment is supported by the second count, but asserts that the first count is sufficient to support the same, and that the judgment herein is based on the first count.

Trespass to try title in the statutory form is an appropriate remedy for rescission in cases such as this, but the defendant in error, having specially pleaded his title in the second count, is confined in his evidence to the allegations contained therein.

So far as concerns the right to recover rents or damages, that count is subject to general demurrer, and its insufficiency in this respect cannot be aided nor the judgment supported by the separate count in trespass to try title. Snyder v. Nunn, 66 Tex. 255, 18 S. W. 340; Joyner v. Johnson, 84 Tex. 465, 19 S. W. 522; National L. & C. Co. v. Maris (Tex. Civ. App.) 151 S. W. 325; Gatewood v. Graves (Tex. Civ. App.) 241 S. W. 264.

[3] The second count being for rescission upon title specially pleaded, the judgment for rescission must rest upon that count, and, if any feature of the judgment is without support in the allegations thereof, such feature cannot stand. For this reason the judgment against Blanche Bailey for $290 must be set aside.

This ruling renders unimportant the question presented by the seventh proposition.

Other propositions relate to the correctness of the judgment for rescission, all of which have been considered and are regarded as without merit.

That portion of the judgment in favor of Mann against Blanche Bailey for $290 will be eliminated, and, as thus reformed, the judgment affirmed.

Reformed and affirmed.