This statement of the nature and result of the suit, conceded by the appellees to be substantially correct, is taken from appellants' brief:
"The plaintiffs C. A. Johnson and A. M. Wold, on the 1st day of November, A.D. 1923, filed suit in the district court of Jackson county, Tex., in trespass to try title, against the defendants, C.J. Haugen, Aline Haugen, Aksel Haugen, Joe Haugen, Henry Haugen, Magnus Haugen, and Dan Haugen, as heirs of one John K. Haugen, to recover 166.5 acres of land in Jackson county.
"The petition contained the usual allegations in an action of this kind, and stated that the record title to the land was in plaintiff Johnson, but that plaintiffs owned said land jointly, and that plaintiff Johnson was the common source under whom both plaintiffs and defendants claimed.
"Defendants answered, pleading, by way of general exception, not guilty, general denial, the five and ten year statutes of limitation, and that they, as heirs of John K. Haugen and Fannie Haugen, both deceased, relied upon title obtained by the said John K. Haugen and wife Fannie Haugen, by the terms of a written contract executed and acknowledged by one August Techau, as seller and John K. Haugen, as purchaser, and certain vendor's lien notes executed and delivered by said Haugen to said Techau, and, as due, paid by said Haugen, which contract and notes bore date of November 20, 1907, and which contract was filed for record on April 22, 1908, in the office of the county clerk of Jackson county, Tex., and duly recorded in volume 8, pages 406 and 407, of the Deed Records of said county, and that by the terms of said written contract, which with the vendor's lien notes was also signed by the wife of John K. Haugen, said Techau agreed to convey said land to said Haugen upon payment of the purchase price of $2,400, there being $1,000 cash paid on the land at the time of sale; $100 to be paid on November 20, 1908; $100 on November 20, 1909; $200 on November 20, 1910; $300 on November 20, 1911; and $700 on November 20, 1912, all deferred payments to bear interest, said contract containing provision that failure to make any payment on the purchase price when due should mature the entire unpaid purchase price, and the contract, at the option of the seller, be forfeited and determined, and, if the said contract should have been recorded in any register of deeds or recorder's office, then the filing of a declaration of forfeiture (setting *Page 1116 
forth the fact of such forfeiture) in said office by the seller should be sufficient to cancel all obligations of the first party under the contract and fully reinvest him with title to said land, and the purchaser should forfeit all payments made and interest in improvements, such payments and improvements to be retained by the seller in full satisfaction and liquidation of all damages by him sustained. Defendants pleaded actual possession of said land by their parents and defendants, successively, from early in the year 1908 until date of filing their answer, and improvements in good faith, at all times, with the knowledge and acquiescence of plaintiffs, claiming said land, and paying taxes thereon as due up to within a few years before suit was filed. As an alternative plea, defendants alleged payment of the entire purchase price, except the $300 note becoming due on November 20, 1911, and the $700 note becoming due November 20, 1912, and that as to these two notes and interest, if they were not actually paid, under and by virtue of articles 5694 and 5695, Vernon's Sayles' Ann.Civ.St., they were conclusively presumed to have been paid; that no extension agreement as contemplated by said article 5695 was ever executed or filed for record; and that no declaration of forfeiture was ever filed for record by the seller or plaintiffs as was necessary in case of the contract being forfeited for nonpayment of part purchase money; and that, by the provisions of said articles 5694 and 5695, aforesaid, the right of plaintiffs to maintain this suit had been barred before suit was filed. Defendants also pleaded laches and stale demand, and in the alternative asked that, if plaintiffs should recover the land, defendants be adjudged repayment of the purchase price paid, with interest, and of taxes paid under said contract, and improvements be charged against plaintiffs, and lien adjudged against the land for the satisfaction of all such demands of defendants.
"Plaintiffs, by supplemental petition, excepted to said answer, and, except in so far as defendants relied upon their general denial, plea of not guilty, and the five and ten year statute of limitation, all exceptions were sustained.
"Upon jury trial being had, the judge peremptorily charged the jury to find a verdict for plaintiffs for the land sued for, and verdict for plaintiffs was returned and judgment rendered thereon accordingly."
In this court appellants first inveigh against the peremptory instruction below on three grounds: (1) That the right of appellees to sue for the land on November 1, 1923, by virtue of the superior title thereto carried in the two vendor's lien notes which became due, respectively, November 20, 1911, and November 20, 1912, no extension agreement concerning them having ever been executed or recorded, and they being therefore conclusively presumed to have been paid, was barred under R.S. arts. 5694, 5695; (2) that, under the pleadings and evidence, a strong, if not conclusive, presumption of payment of these two notes arose from the long lapse of time between the maturity of them and the filing of this suit, and the jury should have been permitted to pass upon the issue as to whether or not they had been paid; (3) that no declaration of forfeiture of the rights of appellants in the land for failure to pay the two notes had been filed in the office of any register or recorder of deeds, as the contract of purchase thereof under which they held and upon which the appellees relied for recovery provided should be done to effectuate such a forfeiture.
Under the facts shown, we think none of these positions are well taken. The contract under which the Haugens held was a mere executory contract of sale; in addition to the provisions mentioned in the foregoing statement, it contained these recitals:
"If the party of the second part (the purchasers) shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed, the said party of the first part (the seller) hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple, free of all incumbrance whatever, except as hereinafter mentioned, by a good and sufficient warranty deed, the lot, piece, or parcel of ground situated in the county of Jackson and state of Texas. * * *
"And in case of the failure of the said party of the second part to make either of the payments, or interest thereon, or any part thereof, or perform any of the covenants on his part hereby made and entered into, then the whole of said payments and interest shall become immediately due and payable, and this contract shall, at the option of the party of the first part, be forfeited and determined."
This unperformed contract and the last two notes therein described, that is, those above referred to, were owned and held by the appellees. The latter, as owners of the land, had originally sold it under a like contract between themselves and August Techau, which had been lost; then Techau in turn made the one here involved with John K. Haugen and wife, parents of appellants; thereafter the appellees took over Techau's contract with the Haugens, thereby so acquiring the one in suit. Appellants admitted in their original answer in this suit that these last two notes had not been paid, and the appellee Johnson testified that they never had been.
It is true appellants testified to having succeeded their parents in possession of the land and to have claimed and held it till the filing of this suit, but the proof also undisputedly showed a common source of title thereto between themselves and the appellees, and that they had not only never denied that title, or the contract and notes emanating from it and so held by the appellees, but, on the contrary, had always relied upon them as the basis of their tenure.
In these circumstances, the contract and two notes all being in evidence, and conclusively shown to have been still not only undischarged, but never in any way repudiated, there was neither any fact issue left for *Page 1117 
the jury over the payment of the notes, nor did the continuous possession of the land by appellants get them anywhere toward a title by limitation; their claim not being inconsistent with, but exclusively referable to, the superior right from the common source, which appellees held. Hardy v. Wright (Tex.Civ.App.) 168 S.W. 462; Stephens v. Hix, 38 Tex. at page 658.
Nor were the latter precluded from asserting their right to recover the land as a result of not having filed the declaration of forfeiture specified in the contract, since it was not provided that their right to a rescission should be solely dependent upon such a filing. The failure to pay the balance due on the purchase money independently conferred that right, as other terms of the contract plainly show.
So that, under the case as made, the limitation statutes invoked were not available to the appellants. But, if there were any doubt about that, for another reason we think they constituted no defense. A mere unperformed contract to convey land, "if the purchaser shall first make the payments and perform the covenants hereinafter mentioned on his part to be made and performed," is not a "deed of conveyance" within the purview of these articles. Bailey v. Burkitt (Tex.Civ.App.) 201 S.W. 725.
While no question is raised in this case as to the constitutionality of these statutes as affecting contracts made prior to the amendment thereof by the Legislature in 1913, as was this one, the preceding article relating to the time within which the power of sale in deeds of trust might be exercised (article 5693) was held unconstitutional by the Commission of Appeals as to deeds of trust executed prior to the enactment of that amendment in the cases of Frank v. Bank, and Insurance Co. v. Wolters, 263 S.W. pages 255 and 259, respectively. The Supreme Court, however, has in both cases since granted motions for rehearing, set aside all previous orders, withdrawn them from the Commission of Appeals, and holds them now pending undetermined upon its docket. That article (5693) is section 1 of the Acts of 1913, p. 250, while those here under consideration are sections 2 and 3 of the same enactment, and, while no expression of opinion upon the matter is here called for, like considerations as to fundamental validity would seem equally applicable to them all. Of course, if invalid as to vendor's liens and superior title outstanding at the time of their passage, they could in this instance furnish appellants no comfort of any sort.
Complaint is also made of the admission over objection of certain particular testimony by the appellee C. A. Johnson to the effect that neither the appellants nor any one for them had ever performed the contract in suit for conveyance of the land by paying the last two purchase-money notes therein called for, on the ground that it related to a transaction with the deceased parents of the appellants, and so contravened R.S. 1911, art. 3690. The contention is overruled. No good reason occurs to us for saying that the holder of this contract, which the appellants themselves declared upon as the source and basis of their claim to title, was interdicted by the provisions of this statute from testifying that neither his litigating antagonists nor any one else for them had ever paid to him all the notes therein specified; but, if there be, then we think the effect of other testimony not objected to amounted to the same thing, to say nothing of the previously mentioned admission through their original pleadings by appellants that the notes in question had not been paid. If, therefore, there was any error in this respect, it was an immaterial one.
It follows from these conclusions that the trial court's judgment should be affirmed.
That order has been entered.
Affirmed. *Page 1119