JOHNSON et ux. v. WISE.  (No. 261.)*

Court of Civil Appeals of Texas. Eastland.
Feb. 4, 1927.

Rehearing Denied April 8, 1927.

1. **Trespass to try title** ⬅️35(1)—**Party pleading title specially in trespass to try title cannot rely on any other title.**

Where party pleads title specially in action in trespass to try title, he must stand on strength of title pleaded, and cannot rely on any other title.

2. **Trespass to try title** ⬅️35(1)—**Plaintiff's failure to prove execution and delivery of bond for title alleged in trespass to try title in anticipation of plea of limitation held not fatal.**

In action in trespass to try title, plaintiff's pleading of executory contract for sale to defendants and bond for title *held* to be pleading of weakness in defendants' anticipated plea of limitation, rather than link in her chain of title, so that failure to prove execution and delivery of bond for title was not fatal.

3. **Appeal and error** ⬅️1053(5)—**In trespass to try title, where executory contract of sale to defendants was pleaded, admission of evidence of nonpayment of defendants' note, if error; held harmless (Rev. St. 1925, art. 5521).**

In action in trespass to try title, in which executory contract of sale to defendants was alleged by plaintiffs, admission of evidence that defendants' note, given in 1903, had not been paid, if error, under Rev. St. 1925, art. 5521, *held* harmless, where case was submitted on theory of adverse possession, without mention of fact that notice of repudiation of executory contract was necessary.

*On Motion for Rehearing.*

4. **Adverse possession** ⬅️85(2)—**In trespass to try title, evidence of nonpayment of defendants' note executed in 1903 held admissible on issue of limitation (Rev. St. 1925, art. 5521; Rev. St. 1911, art. 5694).**

In action in trespass to try title, in which executory contract of sale to defendant was alleged, evidence that defendants' note, given in 1903, had not been paid, *held* admissible on issue of limitation; not being inadmissible under Rev. St. 1925, art. 5521, in view of Rev. St. 1911, art. 5694, which was effective when action was filed.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by Mrs. Barbara Scott Wise against J. L. Johnson and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellants.

Cox & Hayden, of Abilene, for appellee.

HICKMAN, J. This is the second appeal of this cause. The former appeal was to the Court of Civil Appeals at El Paso, and the opinion of the court on that appeal will be found in Johnson v. Wise, 272 S. W. 296. While ordinarily we do not find it necessary to set out in an opinion the pleadings of the parties, yet a proper understanding of the questions involved in this case requires that a considerable portion of the pleadings of appellee be embodied herein.

It appears from the opinion in the former appeal that plaintiff's original petition contained only the statutory allegations of an action in trespass to try title. By a supplemental petition in that appeal as an answer to appellants' plea of limitation, the appellee pleaded facts relied upon by her to show that the possession of appellants was under an executory contract to purchase.

As the case comes to this court, it was tried below on an amended petition, containing the usual allegations of a suit in trespass to try title, and the following additional special pleading of the plaintiff:

"Fourth. Plaintiff further shows that she is the surviving wife of Louis C. Wise, who is now dead, and that she is his sole heir at law under and by virtue of the terms of his will, and that, under and by virtue of the terms of the last will and testament of her said decedent, she became the owner in fee simple of the land and premises described in her original petition. Plaintiff shows that during the lifetime of the said Louis C. Wise, and on, to wit, the 6th day of August, 1890, the said Louis C. Wise sold and conveyed to the defendant J. L. Johnson the land and premises involved in this suit, together with other lots situated in Abilene, Tex., the three lots conveyed being lots 9, 10, and 11, in block 109, of the city of Abilene. Plaintiff says that the said Louis C. Wise reserved two vendor's lien notes against said lots, each for the principal sum of $25, dated August 6, 1890; said notes being further described in the deed from the said Louis C. Wise to the said J. L. Johnson, which is of record in the Deed Records of Taylor county, Tex., volume R, p. 270, which deed is here referred to for further description of said notes. Plaintiff alleges that said notes were never paid, and that defendant never paid any part thereof, and that, on the 3d day of April, 1903, defendant J. L. Johnson, joined by his wife, conveyed all three of said lots back to said Louis C. Wise in consideration of the cancellation of said two notes, which at that time amounted to $1,133.32, including accrued interest. Plaintiff alleges that said deed from J. L. Johnson and wife back to Louis C. Wise

is recorded in Deed Records of Taylor county, Tex., volume 24, p. 7, and which is here referred to for further statement of the details of said conveyance. Plaintiff alleges that on the same date, to wit, the 3d day of April, 1903, when said lots were conveyed back to the said Louis C. Wise, that the possession thereof was also delivered to said Louis C. Wise by defendant J. L. Johnson and his wife, and that the said defendants have never since said date disputed the title and possession of the said Louis C. Wise, and have never held possession thereof adversely to said Louis C. Wise, nor his heirs, nor this plaintiff.

"Fifth. Plaintiff further alleges that on the 4th day of April, 1903, defendant, J. L. Johnson, agreed to purchase back from the said Louis C. Wise the said lot No. 11 in block No. 109, of the city of Abilene, which is the lot in controversy in this case, and that said defendant and the said Louis C. Wise thereupon entered into an executory contract of sale of said lot from the said Louis C. Wise to said J. L. Johnson, and the said Louis C. Wise thereupon executed in favor of the said J. L. Johnson and delivered to said Johnson a certain bond for title dated the 4th day of April, 1903, and duly acknowledged before J. E. Wills, notary public in and for Taylor county, Tex., on the same date, and that, in connection therewith and in consideration for the payment of said lot, the defendant J. L. Johnson executed and delivered to said Wise his certain promissory note dated April 4, 1903, for the principal sum of $200, payable to the order of Louis C. Wise, two years after date; said note providing for interest from date at 8 per cent. per annum, and providing on the face of said note that it was given for the purchase price of said lot No. 11, block No. 109, city of Abilene. Plaintiff alleges that, by virtue of said executory contract of sale, defendants came into possession of said lot, and have remained in possession of said lot at intervals since said date, but that defendants have never claimed said lot adversely to said Louis C. Wise, nor to this plaintiff, but have at all times recognized the title and claim of plaintiff, and of her decedent, in and to said lot, and that defendants have never paid said $200 note or any part thereof, and the said bond for title was left by defendants with said Wise for safe-keeping, and said bond for title and said note were in the possession of said Wise at the time of his death."

Defendants' answer contained a general demurrer, certain special exceptions, a plea of not guilty, general denial, the ten-year statute of limitation, and the further plea that the notes described in plaintiff's petition were barred by the statute of limitation and conclusively presumed to have been paid.

The case was submitted to the jury on one issue only, as follows:

"Have the defendants had peaceable and adverse possession of lot No. 11, block No. 109, of the city of Abilene, Taylor county, Tex., claiming the land as their own, cultivating, using, and enjoying the same continuously for a period of ten years preceding the filing of this suit?" To this issue the jury answered, "No."

No objection to the charge of the court is contained in the record, nor were any issues requested by the appellants, except a motion for peremptory instruction. The appellee rested her case in the trial court after introducing an agreement that George Russell was the common source of title and tracing that title by proper deeds as pleaded by her into herself as the beneficiary under the will of her deceased husband, Louis C. Wise. No proof was made by appellee of the execution and delivery of the bond for title pleaded by her.

By proper assignments presented to and urged before this court, appellants insist that the court erred in not peremptorily instructing the jury to find in their favor on the ground that the appellee, having pleaded her title specially, and having pleaded an executory contract of sale between her decedent, L. C. Wise, and the appellant J. L. Johnson, must stand or fall upon the exact title pleaded, and, having failed to prove the execution and delivery of the bond for title pleaded by her, she did not prove her title, and the jury should have been instructed to find against her.

[1] Where a party pleads his title specially, he cannot rely on any other title. Joyner v. Johnson. 84 Tex. 465, 19 S. W. 522; Robbins v. Hubbard (Tex. Civ. App.) 108 S. W. 773; De Roach v. Clardy, 52 Tex. Civ. App. 233, 113 S. W. 22. We think there can be no question but that, if the bond for title described in appellee's petition was one of the links in the chain of title specially pleaded by her, and she failed to establish that link, then the motion for peremptory instructions should have been granted, for she must stand on the strength of the title pleaded and proved by her, and not upon any weakness in the title of her adversary.

[2] A careful consideration of the petition upon which appellee went to trial in the lower court convinces us that she did not rely upon a title different to the one pleaded by her. She pleaded her title specially to rest upon a deed from Louis C. Wise to J. L. Johnson, in which certain notes were retained; a deed from J. L. Johnson and wife back to Louis C. Wise in consideration of the cancellation of the notes; the death of Louis C. Wise, and his will vesting in her the fee-simple title to the land and premises described in her petition. She proved each and every one of these links in her chain of title. The allegations in her petition with reference to the executory contract or bond for title between her decedent and the appellant J. L. Johnson, when taken in connection with the opinion upon the former appeal of this case, and the answer of appellants, and subsequent supplementary pleadings of appellee, constituted an attempt on her part to plead an answer to the plea of limitation which she anticipated would be

filed by the appellants. The effect of these allegations with reference to the executory contract between her decedent and the appellants was that appellants should not be heard to interpose the plea of limitation based on ten years' possession, because they were in possession under an executory contract, and the period of limitation did not begin to run until after notice of the repudiation of the contract was brought home to her. This pleading of the executory contract was not a pleading of plaintiff's title, but the pleading of a weakness in defendants' anticipated plea of limitation.

Appellants' assignments, complaining of the action of the trial court in overruling their motion for peremptory instruction on the above ground, are overruled.

On cross-examination of the appellant J. L. Johnson, the court permitted appellee, over the objection of appellants, to prove that the $200 note, dated April 4, 1903, described in appellee's petition, had not been paid. Appellants assign error to the ruling of the court on the ground that the note was barred by limitation and under article 5521 of the Revised Civil Statute was conclusively presumed to have been paid. Had this note been offered for the purpose of obtaining a judgment thereon, or for the purpose of recovering title to land on account of the failure to pay the consideration recited in a deed, the objection might have been well taken; but the only issue upon which this testimony was offered and note introduced was the issue of limitation. It was important to determine the character of appellants' possession, and any circumstance throwing light upon that issue was admissible in evidence. If appellants went into possession of said lot under a purely executory contract of sale, in which contract no character of title was cast upon them, as contended by appellee, their plea of limitation had no support in fact, because, admittedly, no repudiation of that relationship had ever been brought home to appellee.

We have decided, after carefully considering this assignment, that the statute referred to does not bar the character of testimony complained of by these assignments. Bailey v. Burkitt (Tex. Civ. App.) 201 S. W. 725; Haugen et al. v. Johnson et al. (Tex. Civ. App.) 282 S. W. 1115; Id., 115 Tex. 489, 283 S. W. 480.

[3] However, we call attention to the fact that, even if there was error in admitting this testimony and in admitting the note in evidence, such testimony was, as to appellants, harmless. The court submitted the case to the jury on the question of appellants' peaceable and adverse possession of the property, and no mention was made in the court's charge of the fact that notice of repudiation must have been brought home to appellee. It was submitted just as if the court found against her on the issue that appellants' possession was under an executory contract of purchase, which was the most favorable light in which appellants could have requested its submission.

Appellants complain of the admission of the testimony of the two sons of appellee with reference to a conversation between them and appellant J. L. Johnson in 1919, after the ten-year period had lapsed. It would serve no purpose for us to set out all of this testimony, but we have considered same, and are of the opinion that the objections to this testimony are not well taken. This was the conclusion of the Court of Civil Appeals at El Paso in the former appeal of this case, and we do not feel disposed to announce a different ruling on this appeal.

Appellants urge the insufficiency of the testimony to support the findings of the jury on the question of limitation. We have examined the statement of facts, and have come to the conclusion that we would not be warranted in reversing this case upon the insufficiency of the evidence in this regard.

We have considered all of appellants' assignments very carefully, and have concluded that no error was committed upon the trial of this case which would warrant us in sending it back for another trial.

The judgment of the trial court is therefore affirmed.

### On Motion for Rehearing.

[4] Appellants, in their motion for rehearing, cite us to the case of McKinney v. Freestone County, 291 S. W. 529, decided by the Commission of Appeals on February 23, 1927, and not yet [officially] published. Based upon the authority of that case, it is urged that we erred in our original opinion in holding that article 5521 of the Revised Statutes has no application to the facts in this case.

We have carefully considered the motion and the authority cited, but have concluded that our opinion is not in conflict therewith. In this case appellants claim no rights whatever by virtue of any executory contract of sale, but the sole issue involved in the trial of this case was the question of limitation. Appellants claimed as if they were naked trespassers. Appellees claimed that appellants were not naked trespassers, but went into possession in virtue of an executory contract by which no character of title was vested in them. This was therefore not a suit by appellee to recover any real estate by virtue of a superior title retained in any deed of conveyance or in any vendor's lien note or for the foreclosure of any lien given to secure such note, and the provisions of old article 5694, Rev. St. 1911, would have no application. Article 5521 of the Revision of 1925 was carved out of old article 5694. This recodification was made after this suit

was filed and after it had been tried one time. To hold that the effect of article 5521 is to bar appellee from proving the facts with reference to the character of appellant's possession would be to give the statute retroactive effect and take appellee's property without due process of law.

We therefore conclude that the statute has no application to the facts of this case, and appellants' motion for rehearing is overruled.